# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1534

SYBLE M. VAUGHN,                                              APPELLANT/PETITIONER,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                               APPELLEE/RESPONDENT.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

The appellant, the widow of veteran Ed M. Vaughn, sought review, through counsel, of a June 2, 2000, decision of the Board of Veterans' Appeals (Board or BVA) that, inter alia, denied Department of Veterans Affairs (VA) service connection for the cause of the veteran's death. On November 30, 2000, the parties filed a joint motion for remand of the issue of service connection for the cause of the veteran's death, citing the need for readjudication in light of the enactment, after the June 2000 Board decision, of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and further moved for dismissal of the remaining issues. The Court, via an order of the Clerk of the Court, granted this motion on December 15, 2000. On January 4, 2001, the appellant filed an application for an award of reasonable attorney fees and expenses pursuant to the Equal Access to Justice Act, 38 U.S.C. § 2412(d) (EAJA). On April 6, 2001, the Secretary filed a response in opposition to the appellant's application. The Secretary argues that the appellant is not a prevailing party, and that the Secretary's position at both the administrative and litigation stages of the proceedings was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). On April 19, 2001, the appellant filed a reply to the Secretary's response; the appellant asserts both that he was a prevailing party and that the Secretary's position was not substantially justified at the administrative level.

On May 29, 2001, the United States Supreme Court issued an opinion in *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*,121 S.Ct. 1835 (2001). Therein, the U.S. Supreme Court held that the "catalyst theory" was not a permissible basis for the award of attorney's fees under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2) (FHAA), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205 (ADA). *Buckhannon*, 121 S.Ct. at 1843. The U.S. Supreme Court further stated that "[w]e cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." *Id.* at 1841.

Before reaching these conclusions as to the FHAA and the ADA in *Buckhannon*, the Supreme Court stated in the very first paragraph of the opinion: "Numerous federal statutes allow courts to award attorney's fees and costs to the 'prevailing party.'" *Id.* at 1838. Later in its opinion, the Supreme Court noted that "Congress . . . has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here". *Id.* at 1839. Instructively, the Supreme Court cited to the appendix to the

dissenting opinion of Justice Brennan in *Marek v. Chesny*, 473 U.S. 1, 43-51 (1985), which includes the "Equal Access to Justice Act, 28 U.S.C. § 2412(b)," *id.* at 49, as an example of the "numerous statutes in addition to those at issue here" that authorize attorney fees for prevailing parties. *Buckhannon*, 121 S.Ct. at 1839. The Supreme Court then noted that it has "interpreted these fee-shifting provisions consistently, *see Hensley v. Eckerhart*, 461 U.S. 424, 433, n.7 . . . (1983) . . . ." *Id.* at1839 n.4.

Moreover, this Court, in citing to *Baumgartner v. Harrisburg Hous. Auth.*, 21 F.3d 541, 545 (3rd Cir. 1994), in support of an explanation as to the catalyst theory, stated that "[a]lthough *Baumgartner* and several of the cases it cited do not involve fees under the EAJA, they are nonetheless instructive because '[t]he legislative history of section 2412 indicates that Congress intended that 'prevailing party' as used in the [EAJA] be read consistently with other fee-shifting statutes.' *Heeren v. City of Jamestown, Ky.*, 39 F.3d 628, 631 (6th Cir. 1994) (citation omitted)." *Lematta v. Brown*, 8 Vet.App. 504, 508 (1996). Thus, the Supreme Court's disavowal of the catalyst theory and its pronouncements regarding the relief required to obtain prevailing-party status call into question a significant portion of this Court's existing prevailing party jurisprudence under the EAJA. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 665 n.5 (Federal Circuit is bound by Supreme Court precedent until otherwise directed by Congress or Supreme Court); *Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (Court precedent may be overturned by, inter alia, decision of U.S. Supreme Court).

In view of the U.S. Supreme Court's opinion in *Buckhannon*, the Court requires supplemental briefing from the parties addressing the following issues:

(1) What applicability does the holding of the U.S. Supreme Court regarding prevailing-party status under the FHAA and the ADA have upon a claim for reasonable attorney fees under the EAJA?

(2) What effect, if any, does the holding of the Supreme Court regarding prevailing-party status have upon the appellant's claim for reasonable attorney fees and expenses under the EAJA in the instant case?

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file with the Court and serve on the Secretary a supplemental brief addressing the above questions. It is further

ORDERED that, not later than 30 days after the appellant serves her supplemental brief, the Secretary file a response to this order and the appellant's supplemental brief.

DATED: July 12, 2001                                      PER CURIAM.