**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 97-2150

BENNY J. FLEMMING,                                                         APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

**O R D E R**

On April 2, 1999, the Court, in a single-judge order, vacated a July 29, 1997, Board of Veterans' Appeals (Board) decision and remanded the appellant's claim to reopen a previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for spontaneous pnuemothraces. The Court cited as a basis for the remand the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), which was issued after the July 1997 Board decision on appeal and which overruled the caselaw (principally, *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991)) that had been applied by the Board in its decision. The appellant has filed, through counsel, an application for an award of reasonable attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

On April 6, 2001, the Secretary filed, in *Vaughn v. Principi*, 15 Vet.App. 119 (2000) (per curiam order), a response in opposition to the EAJA application of the appellant in that case. The Court has ordered that the parties file supplemental briefing in that case as to whether an appellant who obtains a remand based on statutory revisions enacted subsequent to the Board decision on appeal may be considered a "prevailing party" in view of the U.S. Supreme Court opinion in *Buckhannon Board and Care Home v. West Virginia Dep't of Health and Human Resources*, 121 S. Ct. 1835, 1839 (2001). The Court notes that the nature of the relief afforded by the Court in *Vaughn* and in the instant case is similar, and that the disposition of *Vaughn* could materially affect the instant proceedings. Therefore, in the interest of judicial economy, the Court will stay further proceedings in the instant case pending the disposition of *Vaughn*.

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that this matter is stayed pending the outcome of *Vaughn*, *supra*, or further order of the Court.

DATED:      October 5, 2001                        PER CURIAM.