This version includes the errata dated 19Nov01-e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-1534

SYBLE M. VAUGHN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges.*

**O R D E R**

Pending before the Court is the appellant's application, through counsel, for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

The appellant, the widow of veteran Ed M. Vaughn, sought review, through counsel, of a June 2, 2000, decision of the Board of Veterans' Appeals (Board or BVA) that, inter alia, had denied Department of Veterans Affairs service connection for the cause of the veteran's death. On November 30, 2000, the parties, citing the need for readjudication in light of the enactment, after the June 2000 Board decision, of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), filed a joint motion for remand of that service-connected-death claim and further moved for dismissal of the remaining issues. The Court, via an order of the Clerk of the Court, granted this motion on December 15, 2000. On January 4, 2001, the appellant filed an EAJA application, seeking $1,270.03 in attorney fees and expenses. On April 6, 2001, the Secretary filed a response in opposition to the appellant's application. The Secretary argues that the appellant is not a prevailing party and, alternatively, that the Secretary's position at both the administrative and litigation stages of the proceedings was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). On April 19, 2001, the appellant filed a reply to the Secretary's response; the appellant asserts both that she was a prevailing party (under both the so-called "merits" theory and the so-called "inevitable victory" theory) and that the Secretary's position was not substantially justified at the administrative level.

On May 29, 2001, the United States Supreme Court issued an opinion in *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 121 S. Ct. 1835 (2001). In that opinion, the U.S. Supreme Court held that the so-called "'catalyst theory' [was] not a permissible basis" for the award of attorney fees under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205. *Buckhannon*, 121 S. Ct. at 1843. The U.S. Supreme Court also reviewed and reiterated its prior precedents

defining the term "prevailing party" for purposes of several fee-shifting statutes. *Id.* at 1839-40. On July 12, 2001, this Court ordered supplemental briefing from the parties on the issue of the applicability and effect of *Buckhannon*, *supra*. *Vaughn v. Principi*, 15 Vet.App. 119 (2001) (per curiam order). The appellant filed a supplemental brief on August 2, 2001, and the Secretary filed a response on September 4, 2001. The appellant argues, inter alia, that she is a prevailing party under both the catalyst theory and the merits theory because she received a remand of her claim. The Secretary argues that the appellant is not a prevailing party under the catalyst theory, the merits theory, or the inevitable-victory theory.

In *Thayer v. Principi*, this Court recently concluded that "the definition of 'prevailing party' set forth by the Supreme Court's opinion in *Buckhannon*" applies to our consideration of fee applications under the EAJA. *Thayer*, __ Vet.App. ___, ___, No. 98-1782, 2001 WL 1002743 (Sept. 4, 2001). Therefore, "the catalyst theory is no longer available to achieve prevailing-party status in this Court" under the EAJA. *Ibid.* Hence, we reject the appellant's contention that she is a prevailing party in this case under the catalyst theory, as described in *Thayer*, *supra*.

In *Sumner v. Principi*, the en banc Court has just issued an opinion denying an EAJA application filed in a case where the appellant had received a remand pursuant to *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991), i.e., a remand to allow the BVA Chairman to grant BVA reconsideration. *Sumner*, __ Vet.App. ___, ___, No. 99-368, slip op. at 12 (Nov. 6, 2001). The Court concluded, as to the merits theory for attaining prevailing-party status, that "those Supreme Court cases awarding prevailing-party status either require the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error." *Id.* at ___, slip op. at 11 (citing *Buckhannon*, *supra*, and *Shalala v. Schaefer*, 509 U.S. 292 (1993)). The Court went on to deny prevailing-party status there on the grounds that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error", and that the appellant there had failed to demonstrate prevailing-party status under that "merits" test because "[n]owhere is his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter the Court did not recognize administrative error." *Ibid.*

The joint motion for remand in this case requested a remand "due to the recent enactment of the [VCAA]". November 30, 2000, Joint Motion for Remand, at 2. The December 15, 2000, order of the Clerk of the Court granted the motion and thus ordered a remand on this same ground. Given that the sole basis for the remand was the enactment of the VCAA and that the Board's disposition of this case had occurred **before** the enactment of the VCAA, there could not have been any Board error with respect to the VCAA. Therefore, under the rationale and test enunciated in *Sumner*, the Court rejects the appellant's arguments here that she has attained prevailing-party status under the merits theory, due merely to her having received a remand in this case. *See Sumner*, __ Vet.App. at ___, slip op. at 8-9 (explaining that, although *Stillwell v. Brown*, 6 Vet.App. 291, 299-300 (1994), could be read to mean that "a remand alone" conferred prevailing-party status upon appellant, *Stillwell* remand was in fact based on BVA error).

2

Finally, the appellant argues that she has obtained prevailing-party status under the inevitable-victory test. The inevitable-victory test has been raised to the Court, but we have never accepted it. *See*, *e.g.*, *Lematta v. Brown*, 8 Vet.App. 504, 510 (1996) (citing *Perket v. Secretary of Health & Human Services*, 905 F.2d 129, 132 (6th Cir. 1990), and holding that test inapplicable where there had been no superseding legislation); *Chandler v. Gober*, 11 Vet.App. 6, 8 (1997) (holding that test was not applicable where "victory has neither been attained nor assured"), *overruled in part by Miley v. Principi*, 242 F.3d 1050, 1054 (Fed. Cir. 2001). Where a court has remanded a case at the merits stage based solely on a statutory change, the inevitable-victory test would allow for prevailing-party status where the appellant later, at the EAJA stage, could prove that he would have prevailed at the merits stage absent that statutory change. *See Perket*, 905 F.2d at 133; *see also Milton v. Shalala*, 17 F.3d 812, 815 (5th Cir. 1994); *Guglietti v. Secretary of Health & Human Services*, 900 F.2d 397, 402 (1st Cir. 1990). However, under *Buckhannon*, 121 S. Ct. at 1840, and *Sumner*, __ Vet.App. at __, slip op. at 11-12, that test can no longer be viable because it lacks the critical requirement that a remand at the merits stage be predicated on administrative error. Accordingly, we hold that the inevitable-victory test, just as the catalyst test, is not a permissible basis for establishing prevailing-party status under the EAJA. *See Buckhannon*, *Sumner*, and *Thayer*, all *supra*.

Hence, we hold that *Buckhannon*, as applied to this Court by *Sumner* and *Thayer*, both *supra*, precludes the appellant from achieving prevailing-party status under the merits, catalyst, or inevitable-victory test based on obtaining a remand solely for readjudication in light of the enactment of the VCAA and will deny her EAJA application. *See Sumner*, __ Vet.App. at ___, slip op. at 12 (denying EAJA application for failure to demonstrate prevailing-party status).

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for EAJA fees and expenses is DENIED.

DATED: November 9, 2001 PER CURIAM.