# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1897

GAYLE L. FANDRY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and IVERS, *Judges*.

## O R D E R

Before the Court is the appellant's March 29, 2001, application for fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The appellant is the surviving spouse of veteran Randall A. Fandry. On October 4, 2000, the appellant had filed a Notice of Appeal from a July 7, 2000, decision of the Board of Veterans' Appeals (BVA or Board) that denied her claims for service connection for the cause of the veteran's death and for entitlement to dependent's educational assistance.

Subsequent to that BVA decision, the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), was enacted. Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7; *see also Holliday v. Principi,* 14 Vet.App. 280, 284-86 (2001) (holding all sections of VCAA retroactive). On November 20, 2000, the Secretary filed a motion to vacate the Board's decision and remand the appellant's claims for readjudication based on the enactment of the VCAA and this Court's holding in *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), that generally, when a controlling law or regulation changes during the pendency of a claim, the version most favorable to the appellant shall apply. The appellant responded on February 23, 2001, stating that she "agrees that the [VCAA] should be the basis for the remand." The Clerk of the Court issued an order granting the Secretary's motion and vacating the Board's decision on March 6, 2001.

The appellant filed a timely application for fees and expenses pursuant to EAJA on March 29, 2001. The Secretary filed a response in opposition, arguing, inter alia, that the appellant is not a prevailing party within the meaning of EAJA because the remand was ordered as a result of an intervening change in the governing law, and "not based on any error committed by the agency in adjudicating [the a]ppellant's claim, nor was it the result of any review by the Court of an alleged error." Secretary's April 24, 2001, Response at 6. The Secretary argued alternatively that even if the appellant is a prevailing party, fees are not justified here because the position of the United States was substantially justified. *Id.* at 11 (citing 28 U.S.C. § 2412(d)(1)(A)).

The matter was subsequently submitted to a panel of the Court, and on July 5, 2001, the parties were ordered to submit briefing addressing, inter alia, the effect of the May 29, 2001, decision of the U.S. Supreme Court in *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 121 S. Ct. 1835 (2001), on the appellant's status as prevailing party. In her response, the appellant confines her discussion of *Buckhannon* to one sentence, stating that *Buckhannon* "held that the catalyst theory is not a permissible basis for the award of attorneys fees under the FHAA and ADA (Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990)." Appellant's October 9, 2001, Response at 3-4. She then proceeds to argue that she is a prevailing party because she achieved her goal in appealing the case, which was to obtain a remand, and, thus, under *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 490 U.S. 782 (1989), the relationship between her and VA was "materially altered." *Id.* at 4-5. With regard to substantial justification, the appellant argues that under EAJA, the United States is required to prove that its position was substantially justified and that VA has not met that burden here. *Id.* at 6.

In his response to the Court's briefing order, the Secretary argues that *Buckhannon* served to "bolster and clarify previous holdings by that Court which would deny 'prevailing party' status to an appellant, such as the one here, who has obtained a remand due solely to a change in law." Secretary's November 2, 2001, Response at 5. Citing to *Buckhannon*, as well as *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Secretary argues that in order to achieve prevailing party status, an appellant must achieve relief on the merits of the claim, and that the litigation must be the factor that brought about the change in the parties positions. *Id.* at 3-5. In characterizing the remand here as a "*Karnas* remand," the Secretary states that the appellant is not a prevailing party because a "'*Karnas* remand' is precipitated by matters independent from [the a]ppellant's lawsuit and does not involve a substantive determination by this Court as to the merits of that lawsuit." *Id.* at 7. The Secretary argues that because the Court did not make any substantive rulings on the merits of the Board's decision, the "remand here was at most a technical success." *Id.* at 9, 22.

In *Sumner v. Principi*, this Court considered whether EAJA fees were available to an appellant whose claim was remanded by the Court, following notification from the Chairman of the BVA to the Secretary that the Chairman was inclined to grant reconsideration of the Board's decision and the Secretary's subsequent motion to remand the matter. __ Vet.App. __, No. 99-368 (Nov. 6, 2001) (en banc). In denying the application, the Court cited to language in *Buckhannon* that conditions prevailing-party status on a party receiving "at least some relief on the merits of his claim." *Sumner*, __ Vet.App. at __, slip op. at 7 (quoting *Buckhannon*, 121 S.Ct. at 1840). The *Sumner* Court then held that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error." __ Vet.App. at __, slip op. at 12. Applying the principles of *Buckhannon* and *Sumner*, the Court recently held in *Vaughn v. Principi*, that an appellant is precluded "from achieving prevailing-party status under the merits, catalyst, or inevitable-victory test based on obtaining a remand solely for readjudication in light of the enactment of the VCAA." *Vaughn*, __ Vet.App. __, __ No. 00-1534, slip. Op. at 3 (Nov. 9, 2001)

2

Here, the remand agreed to by the parties was predicated upon the change in law brought about by the enactment of the VCAA. Like in *Sumner* and *Vaughn,* both *supra,* the Court made no finding of administrative error nor did the Secretary acknowledge error. Accordingly, we hold that a remand based solely upon the enactment of the VCAA does not confer prevailing party status within the meaning of EAJA. *See Vaughn, supra*. Because the appellant is not a "prevailing party," we need not consider arguments relating to whether the position of the United States was substantially justified. *See* 28 U.S.C . § 2412(d)(1)(B).

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for attorney fees and expenses is denied.

DATED: November 19, 2001                                    PER CURIAM