# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-2454

CHARLES F. CYCHOLL, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided  December 19, 2001   )

*R. Edward Bates*, of Naperville, Illinois, was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Michael A. Leonard*, Deputy Assistant General Counsel; and *Christine M. Cote*, all of Washington, D.C., were on the pleadings for the appellee.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

STEINBERG, *Judge*, filed the opinion of the Court.  HOLDAWAY, *Judge*, and IVERS, *Judge*, filed separate concurring opinions.

STEINBERG, *Judge*: The appellant, veteran Charles F. Cycholl, previously appealed through counsel a November 29, 2000, decision of the Board of Veterans' Appeals (Board or BVA) that had denied a Department of Veterans Affairs (VA) rating of total disability based on individual unemployability (TDIU).  On March 21, 2001, the Court vacated that Board decision and remanded the matter for readjudication.  Currently pending before the Court is the appellant's application, timely filed through counsel, for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  The Secretary has filed a response in opposition to the application.  For the reasons that follow, the Court will grant the EAJA application.

## I. Relevant Background

On November 29, 2000, the Board determined that the veteran was not entitled to a TDIU rating. On December 27, 2000, the appellant filed, through counsel, a Notice of Appeal. On March 5, 2001, the Secretary filed the Designation of the Record and, on March 8, 2001, the Secretary filed an unopposed motion for a remand. The basis for the Secretary's motion was the need for the Board to address in its decision the potential applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), which had been enacted prior to the issuance of the BVA decision. On March 22, 2001, the Court, in an unpublished order issued by the Clerk of the Court, granted the Secretary's motion.

On April 16, 2001, the appellant filed through counsel the pending EAJA application seeking $2,956.87 in attorney fees. On June 21, 2001, the Secretary filed a response to the appellant's application; the Secretary asserts, alternatively, that the appellant is not a prevailing party entitled to EAJA fees and that the position of the Secretary was substantially justified.

## II. Analysis

"The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F)." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's April 16, 2001, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfied any EAJA jurisdictional content requirements that apply, because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Thayer v. Principi*, 15 Vet.App. 204, 207 (2001); *Cullens*, *supra*; *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) (holding that "statement that [appellant] is a prevailing 'party' satisfies eligibility requirement for jurisdictional purposes").

## A. Prevailing-Party Status

As noted above, in order to be eligible for fees pursuant to the EAJA an applicant must have been a "prevailing party". 28 U.S.C. § 2412(d)(1)(A); *see Cullens*, *supra*; *see also Buckhannon Board & Care Home v. W.V. Dep't of Health and Human Res.*, 121 S. Ct. 1835, 1839 (2001) (defining "prevailing party" in fee-shifting statutes at issue in that case as requiring that applicant have obtained some form of "judicially sanctioned change in the legal relationship of the parties" and thus precluding the use of the "catalyst theory" to show "prevailing party" status); *Sumner v. Principi*, 15 Vet.App. 256, 260-61 (2001) (en banc); *Thayer v. Principi*, 15 Vet.App. 204 (2001) (applying in EAJA context *Buckhannon* definition of "prevailing party" so as to preclude use of "catalyst theory" to show EAJA eligibility in this Court). In *Sumner*, the Court recently held that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error" and then held that no such remand had occurred there because neither one of the criteria for finding such a remand were met – that is, "nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error". *Id.* at 265. In this case, the Secretary argues that the appellant is not a prevailing party for EAJA purposes because "the remand ordered here was the result of the newly enacted legislation found in the VCAA". Secretary's Response (Resp.) at 5. He also asserts that "the Court remanded based *solely* on the change in law as reflected in the VCAA." *Ibid*. That is not the point; no one disputes that the remand was due to the enactment of the VCAA. The question, however, is whether either of the *Sumner* criteria were met for finding a remand "predicated upon administrative error", *Sumner*, *supra*. Here, as concluded below, both criteria were satisfied.

In the Secretary's unopposed motion for a remand, which was the basis for the Clerk's order vacating the Board decision on appeal and remanding the matter, the Secretary noted, in the first three sentences, that the VCAA's enactment on a date that was 20 days before the November 29, 2000, BVA decision on appeal; stated that "[t]he BVA's decision in the instant case was made on the basis of chapter 51's previous requirements" and that the VCAA had "substantially amended the provisions of chapter 51"; and noted that "the new statutory requirements", which had not been addressed in the BVA decision, "must be addressed first by the BVA". March 8, 2000, Motion (Mot.) at 1-3. He then proposed: "Remand for readjudication in light of the VCAA is required. *See*

3

*Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) (where the law or regulation changes after a claim has been filed or reopened but before the ***administrative*** or judicial-appeal process has been concluded, the version mo[re] favorable to the appellant should apply)." Mot. at 2 (emphasis added).

The Board is required to consider, and discuss in its decision, all "potentially applicable" provisions of law and regulation. *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see* 38 U.S.C. § 7104(a); *Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); *Sanden v. Derwinski*, 2 Vet.App. 97, 100 (1992). Also, the Board must include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). In a nearly identical factual situation, this Court concluded as follows:

> The Board's decision here, issued after the November 9, 2000, enactment of the VCAA, fails to mention the new statute or to indicate whether the Board considered if the appellant, in light of the VCAA, is entitled to additional notification or assistance from VA prior to adjudication of her claim. For these reasons, we hold that the Board failed to adequately consider "all . . . applicable provisions of law" and to provide an adequate statement of the reasons or bases for its decision. *See* 38 U.S.C. § 7104(a).

*Weaver*, *supra*. In view of the foregoing adjudicative requirements, here, just as the Court held in *Weaver*, the Board unquestionably violated 38 U.S.C. § 7104(a) and (d)(1) in failing to address the potentially applicable law (i.e., the VCAA) that had been enacted and became effective while the veteran's claim was pending before the Board. *See Karnas*, *supra*; *see also Allday*, *Sanden*, *Schafrath*, and *Gilbert*, all *supra*. Thus, the Secretary correctly argued in his motion for remand that "readjudication in light of the VCAA [wa]s required" under *Karnas*, and also correctly cited to *Gilbert*, *supra*, and section 7104(d)(1). Mot. at 2. Accordingly, both of the *Sumner* alternative criteria for determining whether a remand was "predicated on administrative error" were met in this case. First, the Secretary's motion for remand for "readjudication in light of the VCAA" in direct reliance on *Karnas*, *supra*, was an "acknowledg[ment]" of the Board's "administrative error", *Sumner*, *supra*, in not addressing a change in law that had occurred "before the administrative . . . process ha[d] been concluded", Mot. at 2; *see also Karnas*, 1 Vet.App. at 313. Second, similarly,

4

by granting that motion, the Court "recognize[d] administrative error", *Sumner, supra. See Stephens v. West*, 12 Vet.App. 115, 117-18 (1999) (where Court granted joint motion for remand, "it is the Court's order remanding the claim, and consequently the language of the joint motion, upon which an evaluation of the basis for the remand must focus").  The Secretary's motion for remand and the Court's action to vacate the Board decision at issue were therefore predicated on the Board's adjudicative error in having failed to comply with the statutory requirements set forth in section 7104(a) and (d)(1) because the "change in law" cited by the Secretary, the enactment of the VCAA, had already occurred when the Board issued the decision that had been appealed to this Court.

The Secretary's argument against prevailing-party status on the ground that readjudication was required due "*solely* [to] . . . the change in law as reflected in the VCAA" (Resp. at 5) confuses what transpired in this case with the situation described in *Vaughn v. Principi*, __ Vet.App. ___, ___, 2001 WL 1402452, at *3 (Nov. 9, 2001).  In *Vaughn*, in an appeal involving a BVA decision issued before the VCAA's enactment on November 9, 2000, the Court held that the appellant was precluded from achieving prevailing-party status "based on obtaining a remand solely for readjudication in light of the enactment of the VCAA".  The critical distinction between *Vaughn* and the instant case is that the Board decision in *Vaughn* **pre**dated the enactment of the VCAA, whereas the Board decision in this case **post**dated such enactment.  As the Court stated in *Vaughn*, "[g]iven that the sole basis for the remand was the enactment of the VCAA and that the Board's disposition of this case occurred **before** the enactment of the VCAA, there could not have been any Board error with respect to the VCAA." *Id.* at ___, 2001 WL 1402452, at *2.  By contrast, where the Board's disposition of a case occurs **after** the enactment of the VCAA, there can, in fact, be Board error with respect to a failure to address the VCAA.  We thus hold, under this Court's binding precedent, that the remand in this case, which was predicated on adjudicative error by the BVA, affords the appellant prevailing-party status.

### *B. Substantial Justification*

This Court will award attorney fees to a prevailing party "unless the [C]ourt finds that the position of the United States was substantially justified".  28 U.S.C. § 2412(d)(1)(A); *Swiney v. Gober*, 14 Vet.App. 65, 70 (2000); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994).  In order to avoid the payment of attorney fees and expenses, the Secretary bears the burden of demonstrating that his

position was substantially justified at both the adjudicative (BVA) and litigation (Court) stages. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996). This Court applies the following standard for determining whether the Secretary's position was substantially justified:

> VA must demonstrate the reasonableness, in law and fact, of the position of . . . VA in a matter before the Court, and of the action or failure to act by . . . VA in a matter before . . . VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell*, 6 Vet.App. at 302-03. The Secretary argues that his position was substantially justified because "[t]he basis for the remand . . . involved the Court's recent decision in *Holliday v. Principi*, 14 Vet.App. 280 [, 286, *mot. for recons. denied*, 14 Vet.App. 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order)], which . . . [held that all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment and which] was issued by this Court during the pendency of the [a]ppellant's appeal [to this Court] of the Board's underlying decision." Resp. at 12. We conclude that the Secretary has not carried his burden of demonstrating that his position was substantially justified.

Perhaps the most fundamental reason why we must reject the Secretary's contention is our holding in part II.A., above, that the Court's remand was predicated on administrative error because the Secretary's motion acknowledged, and the Court recognized by granting that motion, the Board's error under *Karnas* in not addressing the VCAA in a BVA decision postdating the VCAA's enactment. Because *Karnas* was, in November 2000, a very well-established precedent, having been issued over 10 years before, the Secretary cannot justify a Board error in failing to apply *Karnas*. *See ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (per curiam order) (Secretary's position at administrative stage not substantially justified in failing to comply with applicable Court opinion "long after" its issuance, in that case about 20 months earlier); *Elcyzyn v. Brown*, 7 Vet.App. 170, 176 (1996) (same as to BVA decision issued 5 months after applicable Court opinion).

Moreover, on November 27, 2000, prior to the BVA decision on appeal, the VA General Counsel issued a precedent opinion that concluded "that all of the [VCAA]'s provisions apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally decided as of that date." VA Gen. Coun. Prec. 11-00 (Nov. 27, 2000) [hereinafter G.C. Prec. 11-00].

6

Under section 7104(c) of title 38, the Board is bound by, inter alia, "the precedent opinions of the chief legal officer of the Department." *See* 38 U.S.C. § 311 (General Counsel is VA's "chief legal officer"); *Herlehy v. Principi*, 15 Vet.App. 33, 34 (2001) (per curiam order) (citing section 7104(c) for proposition that "Board is bound by VA General Counsel precedential opinions"). Because the November 29, 2000, Board decision in this case failed to discuss the applicability of the VCAA to this claim, and because the Board was bound by G.C. Prec. 11-00, which concluded that the VCAA was applicable to such claims, the Board failed to abide by section 7104(c). Furthermore, the Board's failure to follow section 7104(c) and G.C. Prec. 11-00 constituted a failure to "consider[] . . . [all] applicable provisions of law", as required by 38 U.S.C. § 7104(a), and also rendered inadequate the Board's statement of reasons or bases. *See ZP*, *supra* (Court awarded EAJA fees and expenses upon finding Secretary's position at administrative stage not substantially justified where Court on merits had vacated BVA decision on appeal based on Board's failure to provide adequate statement of reasons or bases pursuant to 38 U.S.C. § 7104(d)(1) for the Board's denial of rating-increase claim, and Court cited, inter alia, *Gilbert*, *supra*, which had been decided over nine months before Board decision vacated by the Court); *see also Elcyzyn*, *supra* (to same effect).

Although the remand motion granted by the Court cited to the Court's post-BVA-decision opinion in *Holliday*, 14 Vet.App. at 286, for the principle "that all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment" (Mot. at 2), *Karnas*, as our foregoing discussion concludes, clearly required a remand when the law changed while a case was pending before the Board, whereas *Holliday* concerned a situation where the BVA decision had **pre**dated the VCAA. In the instant case, the BVA decision **post**dated the enactment of the VCAA, and remand was necessitated by the Board's failure to comply with 38 U.S.C. § 7104(a), (c), and (d)(1) and well-established Court precedent, *see Herlehy*, *Sanden*, *Karnas*, and *Gilbert*, all *supra*, by addressing the applicability of the new law enacted in the VCAA prior to the Board decision. The instant case is therefore indistinguishable from *ZP* and *Elcyzyn*. Furthermore, the Secretary's argument based on *Holliday* ignores the Board's failure to abide by section 7104(c) and G.C. Prec. 11-00. Finally, given the General Counsel's BVA-binding precedential opinion about VCAA general applicability, the Board was obliged, at the time of its decision here, to address whether the VCAA's change of the law regarding the Secretary's duty to notify (in 38 U.S.C. § 5103) and duty to assist

7

(in 38 U.S.C. § 5103A, superceding section 5107(a)) was more favorable to the appellant than the pre-VCAA law on those matters. *See Karnas*, *supra*.

Therefore, we hold that the Secretary has failed to carry his burden of demonstrating that his position at the administrative stage was substantially justified when the Board failed to comply with the existing statutory requirements of sections 7104(a), (c), and (d)(1). *See Swiney*, *Locher*, *Stillwell*, and *Karnas*, all *supra*. The Court thus need not address the justification for the Secretary's position at the litigation stage, and will grant the appellant's EAJA application in the amount requested. *See Elcyzyn*, *supra*.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court grants the appellant's EAJA application in the amount of $2,956.87.

APPLICATION GRANTED.


HOLDAWAY, *Judge*, concurring: I concur with both the principal opinion and also the views expressed by Judge Ivers.

I, however, am not prepared to say that the "failure" of the Board to discuss the VCAA will, in all cases, automatically constitute a lack of substantial justification. When that law was passed, this Court struggled for a time with its full implications. We resolved this by remanding most cases even though we recognized there were cases where the applicability of the VCAA was problematic. We should not require the Board to be prescient as a condition precedent of being "substantially justified." If the Secretary offers a defense of substantial justification in a case where the Board "failed" to discuss the VCAA, I, for one, will carefully consider the arguments in the context of the facts of the particular case.


IVERS, *Judge*, concurring: The administrative error in this case, upon which the remand was predicated, was patent. The Board's decision post-dated the effective date of the VCAA, so failure to address the applicability of the VCAA was clearly administrative error. Furthermore, the Secretary moved for a remand because the Board did not address the VCAA with respect to the

appellant's claim for TDIU. As is pointed out in the opinion, had the Board's decision *pre*-dated the enactment of the VCAA, *see*, *e.g.*, *Vaughn v. Principi*, __ Vet.App. __, No. 00-1534 (Nov. 9, 2001), failure to address the VCAA would, of course, not have been administrative error.

When, as in this matter, administrative error is facially apparent, the Secretary acknowledges the error in a motion for remand, and the Court orders a remand based on the acknowledged administrative error, the appellant can be recognized as a prevailing party under the rule pronounced in *Sumner v. Principi*, 15 Vet.App. 256 (2001). The Court did not in this decision, and should not in future decisions, strive to read into a Secretary's motion for remand, or into the pleadings generally, an admission of administrative error. The administrative error, whether admitted by the Secretary or not, should be clear before it can be the basis of the Court's determinations concerning an EAJA application.