IVERS, Judge,
concurring:
The administrative error in this case, upon which the remand was predicated, was patent. The Board’s decision postdated the effective date of the VCAA, so failure to address the applicability of the VCAA was clearly administrative error. Furthermore, the Secretary moved for a remand because the Board did not address the VCAA with respect to the appellant’s claim for TDIU. As is pointed out in the *362 opinion, had the Board’s decision pre-dated the enactment of the VCAA, see, e.g., Vaughn v. Principi, 15 Vet.App. 277 (2001), failure to address the VCAA would, of course, not have been administrative error.
When, as in this matter, administrative error is facially apparent, the Secretary acknowledges the error in a motion for remand, and the Court orders a remand based on the acknowledged administrative error, the appellant can be recognized as a prevailing party under the rule pronounced in Sumner v. Principi, 15 Vet.App. 256 (2001). The Court did not in this decision, and should not in future decisions, strive to read into a Secretary’s motion for remand, or into the pleadings generally, an admission of administrative error. The administrative error, whether admitted by the Secretary or not, should be clear before it can be the basis of the Court’s determinations concerning an EAJA application.