# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1375

JIMMIE HARVEY, JR., APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

## O R D E R

On September 19, 2000, the Court issued an opinion affirming the June 15, 1998, Board of Veterans' Appeals (Board) decision that denied the appellant's application for Service Disabled Veterans' Insurance on the grounds that he failed to meet the basic criteria for entitlement to such benefits. On November 15, 2000, following the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), the Court automatically recalled judgment as to the September 19, 2000, decision. *See In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet. App. Misc. Order No. 4-00 (Nov. 13, 2000) (en banc). On December 4, 2001, the Court withdrew its September 19, 2000, opinion, vacated the June 15, 1998, Board decision, and remanded the matter for readjudication in light of the VCAA.

The appellant subsequently filed, through counsel, an application for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary filed a response. On July 1, 2002, the appellant filed a motion to stay proceedings pending a ruling by the United States Court of Appeals for the Federal Circuit (Federal Circuit) on cases that had been consolidated for consideration by the Federal Circuit. The cases include *Vaughn v. Principi*, 15 Vet.App. 277, 279 (2001) (per curiam order), *appeal docketed*, No. 02-7019 (Fed. Cir. Nov. 29, 2001); *Sumner v. Principi*, 15 Vet.App. 256, 264-65 (2001) (en banc), *appeal docketed,* No. 02-7169 (Fed. Cir. Feb. 13, 2002); and *Thayer v. Principi*, 15 Vet.App. 204, 211 (2001), *appeal docketed,* No. 02-7012 (Fed. Cir. Nov. 29, 2001). The Court will deny the appellant's stay motion because the Court's decisions in *Vaughn*, *Sumner*, and *Thayer*, unless or until they are overturned, are binding on this Court. *See Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991). The EAJA application satisfies the jurisdictional and content requirements. *See* 28 U.S.C. § 2412(d)(1)(B).

In this case, the appellant's claim was remanded solely in light of the VCAA's enactment. Because the remand thus was not predicated upon administrative error, the appellant is not a prevailing party under the merits theory. *See Vaughn, supra*; *Sumner, supra*. Moreover, the catalyst and inevitable-victory tests are not viable means to attain prevailing-party status. *See Vaughn*, *supra*;

*Thayer, supra*.  Accordingly, the appellant cannot be considered a prevailing party for EAJA purposes.

On consideration of the foregoing, it is

ORDERED that the appellant's motion to stay proceedings is denied.  It is further

ORDERED that the appellant's EAJA application is DENIED.

DATED:    September 13, 2002                PER CURIAM.