# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-280

STEPHEN L. MCMANAWAY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

On September 29, 1999, the Court issued an opinion affirming an October 24, 1996, Board of Veterans' Appeals (Board or BVA) decision, and, on December 13, 1999, the appellant filed, through counsel, an appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). On January 23, 2001, the Federal Circuit granted the Secretary's motion for remand, vacated this Court's September 1999 opinion, and remanded the matter to this Court for "further proceedings consistent with the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096" (Nov. 9, 2000) (VCAA). On February 22, 2001, the Court withdrew its September 29, 1999, opinion, vacated the Board decision, and remanded the matter for readjudication in light of the VCAA. *McManaway v. Principi*, 14 Vet.App. 275, 276 (2001) (per curiam order).

The appellant subsequently filed an application for reasonable attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), both for work done before this Court and for work done before the Federal Circuit. The Secretary then filed a motion to stay proceedings pending a final resolution of *Linville v. Principi*, U.S. Vet. App. No. 97-66. The Court denied this motion, *McManaway v. Principi*, 15 Vet. App. 150 (2001), and the Secretary filed a response to the appellant's EAJA application. The appellant then filed a reply to the Secretary's response. On August 13, 2002, the Court issued an order staying action on the EAJA application pending resolution in *Hensley v. Principi*, No. 96-978, of the question of the jurisdiction of this Court to consider the award of EAJA fees and expenses for representation provided before the Federal Circuit in an appeal of a decision of this Court . This Court issued an opinion in *Hensley, supra*, on November 27, 2002. *Hensley v. Principi*, __ Vet.App. __, No. 96-978, 2002 WL 31741279 (Nov. 27, 2002).

In the instant case, the appellant's claim was remanded by this Court in accordance with *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), solely in light of the VCAA's enactment subsequent to the Board decision on appeal. Because that "remand was not predicated upon administrative error", *Sumner v. Principi*, 15 Vet.App. 256, 265 (2001) (en banc), the appellant is not a prevailing party in the current fact situation under any possible test for attaining EAJA prevailing-party status in this Court. *See Vaughn v. Principi*, 15 Vet.App. 277, 279-80 (2001) (per curiam order) (holding that neither "merits" nor "inevitable-victory" test is available for attaining

EAJA prevailing-party status in this Court based on Court remand under *Karnas*, *supra*, as to pre-VCAA BVA decision), *appeal docketed,* No. 02-7019 (Fed. Cir. Nov. 29, 2001); *Thayer v. Principi*, 15 Vet.App. 204, 211 (2001) (holding that "catalyst" test is not available for achieving prevailing-party status in this Court); *see also Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379 (Fed. Cir. 2002) (holding that "catalyst" test cannot serve as basis for attorney-fee awards under the EAJA); *McCormick v. Principi*, 16 Vet.App. 407, 410-12 (2002); *Briddell v. Principi*, 16 Vet.App. 267, 271-75 (2002).

Furthermore, although this Court recently held in *Hensley*, __ Vet.App. at __, 2002 WL 31741279, at *4-5, that it does have jurisdiction to award EAJA fees for work associated with an appeal to the Federal Circuit, no such award for work at the Federal Circuit is in order here, because there is no evidence in that court's remand order that the remand by that court was predicated upon administrative error. Rather, the Federal Circuit's remand was predicated solely upon the enactment of the VCAA. Thus, *Vaughn* and *Thayer* apply with equal force here. Accordingly, the Court holds that prevailing-party status cannot be achieved "under the merits, catalyst, or inevitable-victory test based on obtaining a remand from the Federal Circuit solely for readjudication in light of the enactment of the VCAA" in an appeal from a pre-VCAA BVA decision, *Vaughn*, 15 Vet.App. at 280, and the Court will deny the EAJA application in full.

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is DENIED.

DATED:        January 3, 2003                    PER CURIAM.