# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-125 (E)

TRELLY A. WHITE, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges.*

**O R D E R**

Before the Court is the appellant's application for payment of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The appellant previously appealed a November 9, 2000, decision of the Board of Veterans' Appeals (Board or BVA) that granted, inter alia, a rating not to exceed 30% for paroxysmal supraventricular tachycardia, and denied service connection for heart disease. On September 5, 2001, the Court, by order of the Clerk of the Court, granted the parties' motion for remand pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). *White v. Principi*, U.S. Vet. App. No. 01-125 (ord. Sept. 5, 2001). On September 27, 2001, the appellant filed an EAJA application for an award of attorney fees and expenses in the amount of $2,287.40. The Secretary filed a response contesting an award of EAJA fees, claiming both that the appellant was not a prevailing party and that the Secretary was substantially justified in his position, and contesting the reasonableness of the fees. On January 10, 2002, the Court, by single-judge order, denied the appellant's EAJA application on the basis that the appellant was not a prevailing party. The appellant filed a motion for reconsideration asserting that he was a prevailing party pursuant to *Cycholl v. Principi*, 15 Vet.App. 355 (2001). In a March 22, 2003, order, the Court granted reconsideration and ordered supplemental briefing from the parties regarding the appellant's status as a prevailing party and whether the Secretary was substantially justified. Both parties submitted supplemental briefs. For the reasons set forth below, the Court will deny the appellant's EAJA application.

"The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F)." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfied any EAJA jurisdictional requirements that apply, because the application contained the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the

position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Thayer v. Principi*, 15 Vet.App. 204, 207 (2001).

As noted above, in order to be eligible for fees pursuant to the EAJA an applicant must show he is a "prevailing party." 28 U.S.C. § 2412(d)(1)(A); *see Cullens*, *supra*. Prevailing-party status requires either "the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error." *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc). In *Sumner*, the Court concluded "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error." *Id.* The Court's decision in *Sumner* expressly relied upon the holding and rationale of the Supreme Court in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001).

The appellant asserts that he is a prevailing party pursuant to *Cycholl, supra*. The Court held in *Cycholl,* that where the Board issues a decision dated *after* the November 9, 2000, effective date of the VCAA, and fails to discuss the VCAA's effect on the case, it has committed administrative error, and the appellant attains prevailing-party status. *Id.* at 358-59. The Secretary contends that *Vaughn v. Principi*, 15 Vet.App. 277 (2001), is controlling. In *Vaughn,* the Court held that a claimant who has obtained a vacatur of a *pre*-VCAA Board decision and a remand claim based solely on the enactment of the VCAA is precluded from achieving prevailing-party status. *Id.*

The question in this case is whether the appellant is a prevailing party when the Board's decision was issued *on* the date the VCAA was enacted. The Secretary filed a motion for remand in which he requested that the Court vacate the November 9, 2000, Board decision and remand the appellant's claims. Specifically, the Secretary stated that "[a] remand is required due to the Court's decision in *Holliday v. Principi*, [14] Vet.App. [280 (2001)], which interpreted the provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 . . . (VCAA)." Secretary's March 5, 2001, Motion for Remand at 1. The appellant subsequently responded that he "join[ed] the Secretary in [the m]otion for [r]emand." Appellant's August 17, 2001, Response at 1. In a September 5, 2001, order, the Court noted the Secretary's motion for remand in light of the VCAA (and the appellant's joining in such), "granted [that motion]," and vacated in part the November 9, 2000, Board decision and remanded the appellant's claims. *White v. Principi*, U.S. Vet. App. No. 01-125 (ord. Sept. 5, 2001).

Although *Vaughn* and *Cycholl*, both *supra*, dealt with the issue of attaining prevailing-party status where there was a VCAA remand in the underlying merits disposition, neither opinion is applicable here. Specifically, although *Vaughn* answered the prevailing-party question as to cases involving Board decisions issued prior to the enactment of the VCAA, and *Cycholl* answered that question with respect to cases involving BVA decisions issued subsequent to the enactment of the VCAA, the Board decision in this case and the enactment of the VCAA occurred on the same date. Therefore, we look to the general principle for determining prevailing-party status enunciated in *Sumner*, that "prevailing-party status either require[s] the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error." *Sumner*, 15 Vet.App. at 264. In the instant case, the Secretary did not

2

concede any error with respect to the VCAA. Further, the Court's remand was not predicated upon administrative error; rather, the Court simply granted the Secretary's motion (which the appellant had joined) and remanded the appellant's claims solely in light of the VCAA's enactment. *See Sumner*, 15 Vet.App. at 265 (holding that, because nowhere in motion for remand did Secretary acknowledge error and because, in remanding matter, Court did not recognize administrative error, remand was not predicated upon administrative error). Thus, under the rule in *Sumner*, *supra*, the appellant is not a prevailing party under the merits theory for EAJA purposes. Moreover, the catalyst and inevitable-victory tests are not viable means to attain prevailing-party status. *See Thayer*, 15 Vet.App. at 211*; Vaughn*, 15 Vet.App. at 279-80.

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is DENIED.

DATED:     October 7, 2003            PER CURIAM.

FARLEY, *Judge,* concurring: I concur in the denial of the application, but for reasons that differ from those of my colleagues. The Board's decision in this matter was issued on November 9, 2000, which was the same date that the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), was signed into law. Pursuant to section 7 (a) of the VCAA, that act applies to "any claim . . . not final *as of* [the date of enactment]." (Emphasis added.) Because a claim decided by the Board **on** November 9, 2000, was "not final as of" November 9, 2000, I believe that *Cycholl v. Principi*, 15 Vet.App. 355 (2001), compels the conclusion that the appellant is a prevailing party. However, I also believe that the Secretary was substantially justified in not addressing the VCAA just moments after enactment or, depending upon the relative times of the signing of the enrolled bill by the President and the mailing of the decision by the BVA, perhaps even before enactment. This is particularly so because the steps taken by the Board immediately prior to the mailing of the decision are more likely to have been not substantive but clerical, procedural, and administrative (e.g., making copies, date stamping, delivery, etc.). *See Sandine v. Derwinski*, 1 Vet.App. 26 (1990).