Melvin W. JACOBSEN, Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.

No. 97–309.

United States Court of Appeals for Veterans Claims.

Aug. 26, 1999.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

**ORDER**

PER CURIAM:

Presently pending is the appellant's application for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The application seeks $5,262.50 in fees and $68.00 for expenses, for a total award of $5,330.50. For the reasons given below, the Court will grant the application in part.

The only matters presently at issue are whether the Secretary was substantially justified in his litigation position and at the

administrative level. *See* 28 U.S.C. § 2412(d)(1)(A). The burden of demonstrating substantial justification rests with the Secretary. *Locher v. Brown,* 9 Vet.App. 535, 537 (1996); *see Felton v. Brown,* 7 Vet.App. 276, 279 (1994). The Secretary's administrative and litigation positions may be substantially justified if he establishes that each had a reasonable basis in both law and fact, based upon the totality of the circumstances. *Stillwell v. Brown,* 6 Vet.App. 291, 302 (1994).

■ The October 30, 1996, Board of Veterans' Appeals (Board or BVA) decision declined to reopen claims of entitlement for service connection for bursitis of the knees, arthritis of multiple joints, a gastrointestinal disorder, and irritation of the eyes on the basis that none of the newly submitted evidence created a "reasonable possibility" of changing the outcome. The parties briefed this appeal prior to the decision of the U.S. Court of Appeals for the Federal Circuit in *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998), invalidating the "reasonable possibility" standard set forth by this Court in *Colvin v. Derwinski,* 1 Vet.App. 171 (1991), and, in his brief, the Secretary acknowledged error under the then-applicable *Colvin* standard as to the arthritis and gastrointestinal disorder claims. The appropriate remedy, according to the Secretary's brief, was remand of these two issues (for which the appellant sought reversal), and affirmance of the BVA decision as to the bursitis and eye claims (for which the appellant sought remand).

Shortly after *Hodge, supra,* issued, the Court, sua sponte, vacated the BVA's decision and, citing *Hodge,* remanded the four claims that had been appealed. The remand order, citing *Quarles v. Derwinski,* 3 Vet. App. 129 (1992), specifically provided that, on remand, the appellant would be free to submit additional evidence and argument. The appellant had, accordingly, "prevailed" for EAJA purposes as to all claims and would be free to raise the Secretary's concession of error as to the Board's decision not to reopen two of the four claims it had addressed. *Cf. Lematta v. Brown,* 8 Vet.App. 504, 510 (1996)

(discussing, without either adopting or rejecting, *Perket v. Secretary of HHS,* 905 F.2d 129, 133 (6th Cir.1990), where court held that party was entitled to EAJA fees under "inevitable victory" approach where that party would have prevailed even without favorable change in law).

The Secretary opposes the payment of EAJA fees, arguing that the Court has denied such fees where the Board—before *Hodge*—reasonably relied upon the *Colvin* standard and was accordingly substantially justified. *Wisner v. West,* 12 Vet.App. 330, No. 97–701 (April 14, 1999); *Clemmons v. West,* 12 Vet.App. 245 (1999). However, the Court determines whether the Secretary's position was substantially justified by examining "the totality of the circumstances." *Olney v. Brown,* 7 Vet.App. 160, 162 (1994). This case is distinguishable from *Wisner* and *Clemmons,* both *supra,* where the Secretary's action at the administrative level comported with then-applicable binding precedent.

Here, the appellant in his initial brief pointed out that the BVA had failed to consider evidence of record that would have required reopening two of the appellant's claims under the then-applicable *Colvin* standard. The Secretary, in his brief, conceded the error, and the Court concludes that the concession was warranted. His concession rendered the Secretary substantially justified at the litigation level. However, the record on appeal and the pleadings of the parties manifestly demonstrate that the Secretary's position at the administrative level was not substantially justified because the BVA failed to apply the "precedents then standing." *See Owen v. United States,* 861 F.2d 1273, 1275 (Fed.Cir.1988).

Accordingly, it is apparent that, absent the necessity for a remand for application of *Hodge,* the appellant would have been entitled to a remand predicated on the Board's error as conceded by the Secretary's brief. Thus, the Court concludes that, under the unique circumstances here presented, as to two of the claims the Secretary was not

substantially justified, and the appellant is entitled to an award of EAJA fees. *See Jackson v. West,* 12 Vet.App. 422, 429 (1999); *Elcyzyn v. Brown,* 7 Vet.App. 170, 175 (1994) ("only one determination of lack of substantial justification with respect to the entire matter need be made").

Based on the itemized accounting of fees and expenses, the record on appeal, and the parties' pleadings, the Court concludes that this case does not appear to lend itself to a strict mathematical division of professional work between that devoted to the issues on which the appellant would have prevailed under *Colvin* and those on which he might have lost under the then-prevailing legal standards. None of his arguments is facially frivolous; and to pinpoint the Secretary's errors, it was necessary to examine all relevant records and expend a reasonable amount of time in the exercise of professional judgment concerning issue identification and selection. *See Perry v. West,* 11 Vet.App. 319, 333 (1998) (award is not justified for actions in litigation that are not **"necessary** and important factor in achieving the relief desired" (emphasis in original)); *see also Stephens v. West,* 12 Vet.App. 115, (1999). In the matters here presented, the Court will exercise its discretion to determine an appropriate award. *Doria v. Brown,* 8 Vet.App. 157, 164 (1995) (where appellant prevails on EAJA application, factor in determining fee award is number of hours "reasonably expended on the litigation"). In view of the need for an appellant's attorney to review the entire claims file, to perform general research regardless of the number of claims appealed, and taking into account the fact that the appellant here would inevitably have prevailed on two of the four claims appealed, the Court will award 80% of the fees and the total amount of expenses sought. *See Cook v. Brown,* 6 Vet.App. 226, 241 (1994) (Court has discretion to determine appropriate apportionment of fees).

On consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is GRANTED in part, for an award of $4,210.00 in fees and $68.00 in expenses, for a total of $4,278.00.

KRAMER, Judge, concurring:

Our caselaw has uniformly held that, in determining whether the Secretary's administrative position was substantially justified, the Court will not readjudicate the appeal de novo, but rather, in making such a determination, the Court will focus on the language of the Court's remand order and, if applicable, the language of a joint motion for remand. *See Jackson v. West,* 12 Vet.App. 422, 427 (1999); *Stephens v. West,* 12 Vet.App. 115, 118–19 (1999); *Dillon v. Brown,* 8 Vet. App. 165, 168 (1995). Today, the Court creates a narrow exception to this general rule that the Court will not look beyond what the Board was required to do under the terms of the remand ordered by the Court, but only where, as here, the Secretary has explicitly conceded and requested a remand for an error not referenced in a joint motion or in the Court's order. *Cf. Jackson, supra* (in determining the reasonableness of the Secretary's administrative position, the Court will not consider the appellant's allegations of error that were not addressed in the Court's remand order).