# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1198

John R. Briddell, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appellant's Motion for Panel Decision

(Decided  August 23, 2002    )

*Kathy A. Lieberman*, of Washington, D.C., was on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Christine D. Senseman*, all of Washington, D.C., were on the pleadings for the appellee.

Before FARLEY, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*, filed the opinion of the Court.  GREENE, *Judge*, filed a concurring opinion.  FARLEY, *Judge*, filed a dissenting opinion.

STEINBERG, *Judge*:  This matter is before the Court on the appellant's motion for a panel decision, following denial by a single judge of the appellant's application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

The appellant, veteran John R. Briddell, previously appealed through counsel a March 18, 1999, decision of the Board of Veterans' Appeals (Board or BVA) that had denied increased Department of Veterans Affairs (VA) ratings for chronic low-back pain and for postoperative residuals of the left shoulder, and denied initial VA compensable ratings for chondromalacia of the right and left patellas.  Record at 4.  On February 21, 2001, the Court, in a single-judge order, vacated that Board decision and remanded the matters for readjudication.  *Briddell v. Principi*, No. 99-1198, 2001 WL 197398, at *1 (Vet. App. Feb. 21, 2001) [hereinafter Remand Order].  On

June 12, 2001, the appellant timely filed, through counsel, his EAJA application, which the Court, in a single-judge order, denied on December 17, 2001. *Briddell v. Principi*, No. 99-1198, 2001 WL 1609685, at *1 (Vet. App. Dec. 17, 2001) [hereinafter Initial EAJA Order]. The appellant then filed a timely motion for a panel decision, to which the Secretary, as required by Court order, responded, and the appellant filed a reply. The Court will grant the appellant's motion for a panel decision, withdraw the December 17, 2001, single-judge order, issue this opinion in lieu of that order, and, for the reasons that follow, deny the appellant's EAJA application.

## I. Relevant Background

On March 27, 2000, the appellant, during the pendency of the merits portion of this case, filed his brief, in which he stated, inter alia: "The parties hereto have already agreed that the portion of the BVA decision here on appeal regarding [a]ppellant's claim for his left-shoulder disability should be vacated and remanded for readjudication. Accordingly, that issue will not be addressed further herein." Appellant's Brief (Br.) at 7-8. On September 28, 2000, the Secretary filed a motion to remand in part and summarily affirm in part the BVA decision. Therein, the Secretary argued for remand of the appellant's shoulder claim on the grounds that the Board had failed to consider, under *Fenderson v. West*, 12 Vet.App. 119 (1999), whether a staged rating was appropriate and to discuss the provisions of 38 C.F.R. § 4.71a, Diagnostic Code 5203 (concerning malunion or nonunion). Secretary's Sept. 2000 Motion (Mot.) at 4-5. As to the other claims involved in the Board decision, the Secretary argued for affirmance. *Id*. at 6-10.

On October 12, 2000, the appellant filed his reply brief, arguing, inter alia, that "[t]he Secretary does not dispute the first point [, i.e., that the Board failed to provide an adequate statement of reasons or bases in connection with the shoulder claim], and both parties are seeking a remand of the shoulder claim." Reply Br. at 1. The Court, on December 21, 2000, issued a single-judge order that acknowledged that "[t]he parties agree that the shoulder claim should be remanded", but then ordered the Secretary to show cause "why the Board decision should not be vacated in its entirety and the matters remanded" for "the Board to determine, in the first instance, whether the [Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000)

(VCAA),] is applicable to this claim." *Briddell v. Gober*, U.S. Vet. App. No. 99-1198, slip op. at 1-2 (Dec. 21, 2000).

In a January 22, 2001, response, the Secretary "move[d] the Court to vacate and remand the BVA decision of March 18, 1999[,] to the Board for readjudication in accordance with the provisions of the VCAA." Secretary's Jan. 22, 2001, Response (Resp.) at 4. The Secretary also acknowledged that "[c]ounsel for appellant does agree that remand is necessary in this case." *Ibid.* In the February 21, 2001, single-judge order, the Court granted "the Secretary's unopposed motion to vacate" the Board decision, and vacated the Board decision and remanded the matters. Remand Order at *1. The full text of the remand order is as follows:

> Before the Court is the March 18, 1999, decision of the Board of Veterans' Appeals (Board) that denied entitlement to increased ratings for post-operative residuals of a left shoulder injury (shoulder claim) and chronic low back pain (back claim), and to initial compensable ratings for chondromalacia of the right and left patellas (knee claims). *For the reasons that follow*, the Court will vacate the Board decision and remand the matter for readjudication.
>
> The appellant filed a brief on March 27, 2000, stating that the parties had agreed to a remand of the shoulder claim and arguing for a remand of the back and knee claims. On September 28, 2000, the Secretary filed a motion in lieu of a brief urging the Court to remand the shoulder claim but to affirm the Board's decision in all other respects. On December 21, 2000, the Court ordered the Secretary to show cause why, in light of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), the Board decision should not be vacated in its entirety and the matters remanded for readjudication. In response, on January 22, 2001, citing the VCAA, *the Secretary filed an unopposed motion to vacate* the Board decision and remand all claims.
>
> On consideration of the foregoing, it is
>
> ORDERED that *the Secretary's unopposed motion to vacate* is granted. It is further
>
> ORDERED that the March 18, 1999, decision of the Board is VACATED and the matter is REMANDED for readjudication.

*Id.* at 1-2 (emphasis added).

In the appellant's EAJA application, he argues that he is a prevailing party on the basis of having secured a remand, and alleges that the position of the Secretary was not substantially justified.

3

Application (Appl.) at 2-4. In the Secretary's July 16, 2001, response to the appellant's application, the Secretary argues that the appellant is not a prevailing party, and that the position of the Secretary was substantially justified at both the administrative and litigation stages. Secretary's EAJA Resp. at 3-4. As to the initial concession of a remand of the shoulder claim, the Secretary states: "The Court is not bound by the parties' agreement that a partial remand was necessary, and could have concluded that remand was not appropriate despite the parties' urging." *Id.* at 14. In his October 19, 2001, reply, the appellant reiterates his contentions that he is a prevailing party and that the position of the Secretary at the administrative level was not substantially justified. Appellant's EAJA Reply at 1. Specifically, he contends that he is a prevailing party under the "inevitable victory" theory, and notes: "In this regard, [the a]ppellant points to the Secretary's admission in his brief that the Board decision herein was erroneous with respect to one claim and that the decision with respect to that claim should be vacated and remanded." *Id.* at 2-3.

In the Court's December 2001 order denying the EAJA application, the Court concluded: "The remand ordered in this matter was predicated upon the change in law brought about by the enactment of the VCAA and not upon any finding by the Court of administrative error." Initial EAJA Order at *1. The Court concluded that, pursuant to *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc), and *Vaughn v. Principi*, 15 Vet.App. 277, 280 (2001) (per curiam order), such a remand could not confer prevailing-party status. *Ibid*.

The appellant then timely filed a motion for a panel decision. Therein, the appellant asserts that he is a prevailing party pursuant to *Sumner*, *supra*, because of the acknowledgment of error in the Secretary's September 2000 motion. Mot. for Panel Decision at 2. On February 4, 2002, a panel of the Court issued an order instructing the Secretary to respond to the appellant's motion for a panel decision and allowing the appellant to file a reply to the Secretary's response. *Briddell v. Principi*, 15 Vet.App. 413, 413 (2002) (per curiam order). A concurring statement invited the parties to address the implications, if any, of *Jacobsen v. West*, 12 Vet.App. 546, 546-48 (1999), for the prevailing-party analysis. *Ibid.* (Steinberg, J., concurring).

In a March 27, 2002, response, the Secretary argues that the remand order in this case was "based on the VCAA alone" and, therefore, under *Sumner*, the appellant was not a prevailing party. March 2002 Resp. at 4. As to *Jacobsen*, the Secretary states that that case "has no direct bearing on

4

the case at bar" because the issue in contention in *Jacobsen* was substantial justification, whereas the principal issue in contention in the instant case is prevailing-party status. *Id.* at 5. Finally, the Secretary notes: "Applying the *Jacobsen* rationale to a determination of prevailing-party status would lead to an impermissible result. Basing prevailing-party status on any prior admission by the Secretary is essentially granting prevailing-party status using the now-defunct inevitable-victory test." *Id.* at 6. In a May 13, 2002, reply, the appellant again argues that prevailing-party status can be achieved under *Sumner* when there is a remand and the Secretary has acknowledged error even though the Court did not act on that acknowledgment, as was the case here. May 2002 Reply at 1-2. He argues further that *Jacobsen* supports his position in this case: "[A]bsent the need for a remand for application of the VCAA, the appellant would have been entitled to a remand predicated upon the Board's error as conceded by the Secretary's brief. The Secretary conceded error. That concession alone should be sufficient to confer prevailing[-]party status on [the] appellant." *Id.* at 4. The Court has voted unanimously to grant the motion for a panel decision and will withdraw the December 17, 2000, single-judge order and issue this opinion in its stead.

## II. Analysis

### A.  Jurisdiction

The appellant's June 12, 2001, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). In order to satisfy any EAJA jurisdictional content requirements that apply, an application must contain the following: (1) A showing that, by virtue of the Court's remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application was timely filed and satisfies any EAJA jurisdictional content requirements. *See ibid*.

### B.  Prevailing Party

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses");

*Sumner*, 15 Vet.App. at 260-61. The applicant has the burden of demonstrating prevailing-party status under the EAJA. *Id.* at 261. In the *Sumner* case, this Court held, in a unanimous en banc opinion, that in order to attain EAJA prevailing-party status, there must be either a direction by the Court for VA to award VA benefits or a remand by this Court that is "***predicated*** upon administrative error". *Id.* at 265 (emphasis added). *Sumner* concluded that a remand is predicated on administrative error if "in his motion . . . [,] the Secretary acknowledge[s] error" or if, "in remanding the matter", the Court "recognize[s] administrative error". *Ibid.* *Sumner* went on to hold that prevailing-party status had not been achieved there because there was no merits disposition (let alone a direction to award benefits) and the remand ordered was not predicated on administrative error because, as explained in *Cycholl v. Principi*, "neither one of the criteria for finding such a remand were met – that is, 'nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter the Court did not recognize administrative error.'" *Cycholl*, 15 Vet.App. 355, 357 (2001) (quoting *Sumner*, 15 Vet.App. at 264). In *Vaughn*, a case dealing with legislation (the VCAA) enacted subsequent to the Board decision there under review, the Court found that the appellant was not a prevailing party due to a remand based solely on the newly enacted legislation. *Vaughn*, 15 Vet.App. at 279-80. The Court further stated there: "Given that the sole basis for the remand was the enactment of the VCAA and that the Board's disposition of this case had occurred ***before*** the enactment of the VCAA, ***there could not have been any Board error with respect to the VCAA***." *Id.* at 279 (latter emphasis added).

**1. Prevailing-Party under Sumner**. Applying the criteria set forth in *Sumner* to determine the question of prevailing-party status, there has been no direction to award benefits here, so the inquiry is whether there was a remand "***predicated*** upon administrative error". A remand may be predicated upon administrative error if (1) the Court recognizes administrative error in remanding the case, or (2) if, in the words of *Sumner*, "in his motion . . . [,] the Secretary acknowledge[s] error". *Ibid.* A review of the remand order in this case reveals that the Court clearly did not recognize any error. Therefore, in order for the appellant to be a prevailing party under *Sumner*, the Secretary must have acknowledged error "in his motion".

Because there were two Secretarial motions for remand here, the Court must determine what is meant by "in ***his*** motion". The language of *Sumner* in this regard is: "The appellant's claim was

remanded as requested in the Secretary's unopposed motion for remand. Because nowhere in his motion did the Secretary acknowledge error, . . . the remand was not predicated upon administrative error." *Ibid.* In *Sumner*, there was only one motion for remand. *Id.* at 257. It would be incongruous to believe that the Court was referring to any motion there other than the motion that the Court granted and that thus directly prompted the remand.

There is not the slightest hint in *Sumner* or in any other opinion of this Court that prevailing-party status should be determined based on something other than what the Court actually ***did*** on the merits, or, certainly, that it should be determined based on something that it decided ***not*** to do. Indeed, why else would the Court in *Sumner* have established the test as "a court remand predicated upon administrative error"? *Id.* at 264. The word "predicated" requires a connection, or a nexus, to use a familiar term in our veterans law lexicon, between "remand" and "error". As *Webster's New World Dictionary* puts it, "to predicate" means "to affirm or base (something) *on* or *upon* given facts, arguments, conditions, etc." WEBSTER'S NEW WORLD DICTIONARY 1062 (3d Coll. ed. 1988). The Court in *Sumner* looked beyond its own words – the words it used in its disposition of the merits – only to account for the situation, which is a very common one in this Court, where the Court grants, without further comment, a joint, an uncontested, or even a contested motion and must look to ***the words of the motion*** in order to determine the nature and scope of the Court's action.

In contrast to the foregoing logical and contextual reading of *Sumner*, the appellant's reading, which is accepted by the dissenting opinion, would tear from their context the words referring to the Secretary's acknowledgment of "administrative error". Interpreting words in a judicial opinion in this respect is very much like interpreting words in a statutory provision. For the latter purpose, it is a major precept that "each part or section should be construed in connection with every other part or section so as to produce a harmonious whole[; t]hus, it is not proper to confine interpretation to the one section to be construed." NORMAN J. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46:05 (6th ed. 2000); *see Talley v. Derwinski*, 2 Vet.App. 282, 286 (1992) (quoting, in part, SINGER, *supra*). The reading adopted by the appellant and the dissent, although perhaps somewhat literal in a myopic way, is both illogical and unprecedented and confounds common sense. Moreover, to the extent that the argument could be made that the Court could, in the instant EAJA deliberation, make a finding on the joint position taken by the parties at the merits stage but not then

7

adopted by the Court, and thus create an ex post facto "judicial imprimatur" for purposes of the EAJA, such an argument clearly runs afoul of the landmark U.S. Supreme Court case of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), which was the basis for our *Sumner* opinion. The Supreme Court in *Buckhannon* required a judicial imprimatur "on the change" in the legal relationship of the parties. *Buckhannon*, 502 U.S. at 604. A finding now that the Secretary's September 2000 motion should have been granted does not alter the legal relationship of the parties, because "the change" contemplated by *Buckhannon*, *supra*, would have had to occur at the time of the underlying Court action (in this case, the remand order) that is the basis for the fee application that was filed. The dissenting opinion completely ignores this *Buckhannon* "judicial imprimatur" requirement, *Buckhannon*, *supra*; *see post* at 14 (stating requirements of prevailing-party determination in this case to be that Secretary had "acknowledged error" and had "agreed to a remand of the appellant's shoulder claim" but failing to mention or discuss in this context judicial-imprimatur requirement). It would furthermore be, to say the least, a highly anomalous result for the Court to defer consideration of these issues on the merits, but then take them on at the EAJA stage, when such a Court decision could well end up being made so late in the process that the Board had already made its decision on remand. *See Mahl v. Principi*, 15 Vet.App. 37, 43 (2001) (Steinberg, J., dissenting) ("[o]therwise, we would be confronted with the anomaly that the Board might not be bound in readjudicating the case by decisions made ***as to*** the merits of the BVA's prior decision (but not as part of the Court's review of the BVA decision) long after the case has been remanded to the Board by the Court and perhaps even after some adjudication on remand had already taken place"); *see also Flemming v. Principi*, 16 Vet.App. 52, 55 (2002) (Steinberg, J., concurring in part and dissenting in part); *Cullens*, 14 Vet.App. at 249 (Kramer, C.J., concurring).

In light of our conclusion that there must be an explicit connection between the asserted administrative error and the Court's remand, the appellant could be said to be a prevailing party under *Sumner* only if the Court's February 2001 remand order can fairly be read as having granted, in whole or in part, the Secretary's September 2000 motion confessing error as to the shoulder claim. However, a reading of that remand order illustrates that the Court was granting only ***one*** remand motion: The Secretary's January 22, 2001, VCAA-remand motion. In the first "ORDERED"

paragraph, that order stated that "the Secretary's unopposed motion to vacate is granted." If there is any ambiguity about what "unopposed motion" meant, it is quickly resolved by examining the way the order described the two motions here at issue. *Ibid.* The Secretary's September 2000 motion is described, inter alia, as "a motion in lieu of a brief urging the Court to remand the shoulder claim". The VCAA-remand motion, on the other hand, is described as "an unopposed motion to vacate the Board decision and remand all claims". Both the subject of the first "ORDERED" paragraph and the VCAA-remand motion are described as being an "unopposed motion" of the Secretary. Although a portion of the September 2000 motion was unopposed, only the VCAA-remand motion is *referred to* in the remand order as an "unopposed" motion. In order to find that the Secretary's September 2000 motion was actually granted by the remand order, we would have to find either that (1) despite the similarity in terminology between the VCAA-remand motion and the "ORDERED" paragraph, that paragraph actually referred to the September 2000 motion (because this putative view would state that that motion was the motion that was granted, and because the order grants the Secretary's motion in full, any such reading of the February 2001 order would create a conflict between that motion's request for partial affirmance of the Board decision and the wholesale vacatur of the Board decision ordered by the Court); *or* that (2) despite the use of the singular noun "motion" in the "ORDERED" paragraph and despite the lack of detail given in describing the "motion" granted, the order actually was granting *both* the VCAA-remand motion *and* one portion of the September 2000 motion. Either reading would entail stretching the actual language of the remand order well beyond any reasonable or logical reading, and the Court is unwilling to engage in such an approach.

For the above reasons, therefore, the Court cannot accept the appellant's argument, as adopted by our dissenting colleague, based on fractured language extracted from the context of the Court's opinion in *Sumner*, that the appellant is a prevailing party.

*2. Extension of* **Jacobsen**. The appellant also argues that the holding of *Jacobsen*, *supra* – that, absent a remand for readjudication pursuant to newly issued caselaw, "the appellant would have been entitled to a remand predicated on the Board's error as conceded by the Secretary's brief", and that, therefore, substantial justification for the Secretary's position on the conceded error would be examined – should be extended to the determination of prevailing-party status in this case. Specifically, the appellant quotes in part the following passage from *Jacobsen*:

9

Accordingly, it is apparent that, absent the necessity for a remand for application of *Hodge*[*v. West*, 155 F.3d 1356, 1362 (Fed.Cir. 1998) (holding invalid, as beyond requirements of 38 C.F.R. § 3.156(a) (1998), test enunciated in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), for determining materiality of newly presented evidence)], the appellant would have been entitled to a remand predicated on the Board's error as conceded by the Secretary's brief. Thus, the Court concludes that, under the unique circumstances here presented, as to two of the claims the Secretary was not substantially justified, and the appellant is entitled to an award of EAJA fees. *See Jackson v. West*, [12 Vet.App. 422, 429 (1999)]; *Elcyzyn v. Brown*, 7 Vet.App. 170, 175 (1994) ("only one determination of lack of substantial justification with respect to the entire matter need be made").

*Jacobsen*, 12 Vet.App. at 548. In *Jacobsen*, a concurring opinion stated:

Today, the Court creates a narrow exception to this general rule that the Court will not look beyond what the Board was required to do under the terms of the remand ordered by the Court, but only where, as here, the Secretary has explicitly conceded and requested a remand for an error not referenced in a joint motion or in the Court's order.

*Ibid.* (Kramer, J., concurring); *see also Jacobsen v. West*, 13 Vet.App. 35, 36-40 (1999) (en banc per curiam order) (Steinberg, J., dissenting) (arguing that *Jacobsen*, by looking beyond actual remand order to speculate on potential outcome of case absent intervening change, violated prior Court precedent).

We find convincing the Secretary's argument that extension of *Jacobsen* to a prevailing-party determination would be to adopt an "inevitable victory" analysis, which the Court has already rejected in *Vaughn*, 15 Vet.App. at 280. March 2002 Resp. at 6. In *Vaughn*, this Court stated as follows concerning the inevitable-victory test:

Finally, the appellant argues that she has obtained prevailing-party status under the inevitable-victory test. The inevitable-victory test has been raised to the Court, but we have never accepted it. *See*, *e.g.*, *Lematta v. Brown*, 8 Vet.App. 504, 510 (1996) (citing *Perket v. Sec*[*'*] *y of Health & Human Services*, 905 F.2d 129, 132 (6th Cir. 1990), and holding that test inapplicable where there had been no superseding legislation); *Chandler v. Gober*, 11 Vet.App. 6, 8 (1997) (holding that test was not applicable where "victory has neither been attained nor assured"), *overruled in part by Miley v. Principi*, 242 F.3d 1050, 1054 (Fed. Cir. 2001). Where a court has remanded a case at the merits stage based solely on a statutory change, the inevitable-victory test would allow for prevailing-party status where the appellant later, at the EAJA stage, could prove that he would have prevailed at the merits stage

10

absent that statutory change. *See Perket*, 905 F.2d at 133; *see also Milton v. Shalala*, 17 F.3d 812, 815 (5th Cir. 1994); *Guglietti v. Sec['']y of Health & Human Services*, 900 F.2d 397, 402 (1st Cir. 1990). However, under *Buckhannon*, [532 U.S. at 604-05], and *Sumner*, [15] Vet.App. at [264-65], that test can no longer be viable because it lacks the critical requirement that a remand at the merits stage be predicated on administrative error. Accordingly, we hold that the inevitable-victory test, just as the catalyst test, is not a permissible basis for establishing prevailing-party status under the EAJA. *See Buckhannon*, [*supra*,] *Sumner*, [*supra*,] and *Thayer*[ *v. Principi*, 15 Vet.App. 204, 211 (2001)].

*Vaughn*, *supra*.

Under the inevitable-victory test, some courts, before *Buckhannon*, *supra*, had recognized that an appellant could establish prevailing-party status by showing that he would have prevailed absent an intervening event such as the enactment of a statute (for example, the VCAA). The extension of the *Jacobsen* substantial-justification approach into the prevailing-party-status context would permit an appellant to establish that he was a prevailing party where he could show that, absent the necessity for a remand for application of an intervening change in caselaw (in *Jacobsen*, the opinion of the U.S. Court of Appeals for the Federal Circuit in *Hodge*, *supra*), the appellant would have been entitled to a remand predicated on the Board's error as conceded by the Secretary's pleading. The only difference between the two standards would be that, under the *Jacobsen* approach, there would be a requirement that the Board error be conceded, at some point, by the Secretary. However, such a concession would affect only the degree of persuasiveness with which the appellant could assert that he would have prevailed; it doesn't alter the fact that ***both theories rely on a 'but for' test, i.e., 'but for the remand on other grounds, I would have prevailed'.*** In that sense, the two theories are virtually the same, and, accordingly, transferring a *Jacobsen*-type approach into the context of determining prevailing-party status would run afoul of *Vaughn*'s rejection of the inevitable-victory test and, of course, of the necessity for a remand "predicated" on – that is, expressly linked to or associated with – administrative error, as described in *Sumner* and *Vaughn*, both *supra*, and as set forth in part II.B.1., above. Therefore, the Court also rejects the appellant's invitation to extend the *Jacobsen* rationale to prevailing-party inquiries.

For all the above reasons, the appellant has failed to demonstrate that he is a prevailing party. *See Sumner*, 15 Vet.App. at 261. Because the appellant is not a prevailing party, no further inquiry

11

is necessary. *See id.* at 261, 265 (examining only prevailing-party issue and, after finding no prevailing-party status, denying EAJA application).

### III. Conclusion

Upon consideration of the foregoing analysis, the appellant's December 20, 2001, motion for a panel decision is granted. The Court's December 17, 2001, single-judge order is withdrawn, and this opinion is issued in its stead. The appellant's EAJA application is denied.

APPLICATION DENIED.

GREENE, *Judge*, concurring: I concur in the holding of the majority opinion and write separately only to note that I would have reached that conclusion by a more direct route.

Two cases are dispositive of this matter: *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001)*,* and *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) (en banc). In *Buckhannon*, the Supreme Court eliminated the catalyst theory as a basis for achieving prevailing party status, and in doing so, revisited its prevailing party jurisprudence. *Buckhannon*, 532 U.S. at 600-10. Following *Buckhannon,* this Court decided *Sumner*, in part to "reexamine our jurisprudence with regard to attaining prevailing-party status pursuant to the success-on-the-merits theory under the EAJA and to clarify our caselaw." *Sumner,* 15 Vet.App. at 261. In the underlying appeal in *Sumner*, the Court had granted the Secretary's unopposed motion to remand the matter, based on the Board Chairman's inclination to grant reconsideration. *Id.* at 257. The *Sumner* Court reviewed the EAJA statute and numerous cases interpreting it, and stated: "Supreme Court cases awarding prevailing-party status either require the ultimate receipt of the benefit that was sought in bringing the litigation, i.e., the award of a benefit, or, at a minimum, a court remand predicated upon administrative error." *Id.* at 264. The Court went on to state, with regard to the facts of that particular case, "Because nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error." *Id.* at 265.

Stated another way, *Sumner* holds that in order to qualify as a prevailing party for EAJA, a party must receive either (A) the award of a benefit sought, or (B) a court remand predicated upon

12

administrative error. Defining what would constitute a (B)-type remand, the Court included situations where there was a motion by the Secretary acknowledging error ((B)(1)), or a Court remand recognizing administrative error ((B)(2)). Both (B)(1) and (B)(2) must be the equivalent of a (B)-type "court remand predicated upon administrative error," since neither (B)(1) nor (B)(2) is an (A)-type "award of the benefit sought." Therefore, only an acknowledgment of error by the Secretary *that is accepted by the Court* would constitute a "court remand predicated upon administrative error" that may confer prevailing-party status to a litigant. To hold otherwise, and to permit *any* concession of error by the Secretary to confer prevailing-party status upon an appellant, whether the Court accepts such concession or not, would remove the necessary judicial imprimatur required by *Buckhannon*. *See Buckhannon*, 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."). Although I would confess that the language "and because, alternatively" of *Sumner* is inartful, I cannot accept the dissent's conclusion that the plain language of *Sumner* somehow eliminates *Buckhannon's* judicial imprimatur requirement.

In *Vaughn v. Principi*, the Court held that the appellant was precluded from achieving prevailing-party status, "based on obtaining a remand solely for readjudication in light of the enactment of the VCAA." 15 Vet.App. 277, 280 (2001). Here, the Court's one dispositive order specifically grants the Secretary's unopposed motion to remand in light of the enactment of the VCAA. There is no "court remand predicated upon administrative error," so as to confer prevailing-party status upon the appellant. Although Mr. Briddell may be frustrated with this resolution, in light of the fact that his counsel worked diligently for a remand for reasons other than the VCAA, and because the Secretary conceded error in his brief to the Court, this matter must be decided not on emotion but on the basis of the law.

FARLEY, *Judge*, dissenting: As a single judge, I originally found that the appellant was not a prevailing party and denied his application for fees under EAJA. The appellant filed a timely motion for panel decision pursuant to Rule 35 of the Court's Rules of Practice and Procedure. In his motion, the appellant argued as follows:

13

In *Sumner v. Principi*, 15 Vet.App. 256, 264 (2001) [(en banc)], this Court held that "a remand does not constitute 'some relief on the merits' unless that remand is predicated upon administrative error," and found that "[b]ecause nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter, the Court did not recognize administrative error, the remand was not predicated upon administrative error." From this language, it is apparent that a remand is predicated upon administrative error in two scenarios: either the Secretary acknowledges error in his pleadings or the Court finds error. Appellant asserts that in the instant case, he is a prevailing party because the Secretary acknowledged administrative error in his pleadings.

Mot. for Panel Decision at 2. What was apparent to the appellant belatedly became apparent to me.

In its December 21, 2000, order, the Court took specific note of the fact that "[t]he parties agree that the shoulder claim should be remanded. The appellant argues that the remaining claims should also be remanded . . . ." Due to the then-newly enacted VCAA, the Court directed the Secretary to show cause why "the Board decision should not be vacated in its entirety and the matters remanded." Nothing in the December 2000 order vitiated the Secretary's concession and the agreement of the parties with regard to the shoulder claim.

Similarly, in the February 21, 2001, order that granted the Secretary's ensuing motion to vacate the Board's decision as to all claims, the Court again noted that the Secretary had conceded error and agreed to a remand of the shoulder claim:

> The appellant filed a brief on March 27, 2000, stating that the parties had agreed to a remand of the shoulder claim and arguing for a remand of the back and knee claims. On September 28, 2000, the Secretary filed a motion in lieu of a brief urging the Court to remand the shoulder claim but to affirm the Board's decision in all other respects.

Remand Order at *1.

Under the circumstances presented by this case, where the Secretary had indeed acknowledged error and agreed to a remand of the appellant's shoulder claim, the appellant is correct that the plain language of *Sumner* compels the conclusion that the appellant was a prevailing party with regard to that claim. Finding that all other elements of an EAJA claim were satisfied, I would grant the application and award attorney fees commensurate with the efforts expended on that claim.

14

In order to deny the application, the majority interprets–actually, rewrites–*Sumner* to hold that "the appellant could be said to be a prevailing party under *Sumner* only if the Court's February 2001 order can fairly be read as having granted, in whole or in part, the Secretary's September 2000 motion confessing error as to the shoulder claim." *Ante*, at 8. The majority's labored and unwarranted attempt to complicate the simplicity of the holding of *Sumner* is unpersuasive and I cannot join in its "only if" conclusion; nor can I support Judge Greene's mere dismissal of Chief Judge Kramer's language for the en banc Court in *Sumner* as "inartful." *Ante*, at 13. I do not believe that the Court could or should disregard the concession of error by the Secretary and the agreement of the parties in the record of this case and therefore I respectfully dissent.