STEINBERG, Judge, filed the opinion of the Court. GREENE, Judge, filed a concurring opinion. FARLEY, Judge, filed a dissenting opinion.
STEINBERG, Judge:
This matter is before the Court on the appellant’s motion for a panel decision, following denial by a single judge of the appellant’s application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).
The appellant, veteran John R. Briddell, previously appealed through counsel a March 18, 1999, decision of the Board of Veterans’ Appeals (Board or BVA) that had denied increased Department of Veterans Affairs (VA) ratings for chronic low-back pain and for postoperative residuals of the left shoulder, and denied initial VA compensable ratings for chondromalacia of the right and left patellas. Record at 4. On February 21, 2001, the Court, in a single-judge order, vacated that Board decision and remanded the matters for read-judication. Briddell v. Principi, No. 99-1198, 2001 WL 197398, at *1 (Vet.App. Feb.21, 2001) [hereinafter Remand Order]. On June 12, 2001, the appellant timely filed, through counsel, his EAJA application, which the Court, in a single-judge order, denied on December 17, 2001. Briddell v. Principi, No. 99-1198, 2001 WL 1609685, at *1 (Vet.App. Dec.17, 2001) [hereinafter Initial EAJA Order], The appellant then filed a timely motion for a panel decision, to which the Secretary, as required by Court order, responded, and the appellant filed a reply. The Court will grant the appellant’s motion for a panel decision, withdraw the December 17, 2001, single-judge order, issue this opinion in lieu of that order, and, for the reasons that follow, deny the appellant’s EAJA application.
I. Relevant Background
On March 27, 2000, the appellant, during the pendency of the merits portion of this case, filed his brief, in which he stated, inter alia: “The parties hereto have already agreed that the portion of the BVA decision here on appeal regarding [a]ppel-lant’s claim for his left-shoulder disability should be vacated and remanded for read-judication. Accordingly, that issue will not be addressed further herein.” Appellant’s Brief (Br.) at 7-8. On September 28, 2000, the Secretary filed a motion to remand in part and summarily affirm in part the BVA decision. Therein, the Secretary argued for remand of the appellant’s shoulder claim on the grounds that the Board had failed to consider, under Fenderson v. West, 12 Vet.App. 119 (1999), whether a staged rating was appropriate and to discuss the provisions of 38 C.F.R. § 4.71a, *269 Diagnostic Code 5203 (concerning malun-ion or nonunion). Secretary’s Sept. 2000 Motion (Mot.) at 4-5. As to the other claims involved in the Board decision, the Secretary argued for affirmance. Id. at 6-10.
On October 12, 2000, the appellant filed his reply brief, arguing, inter alia, that “[t]he Secretary does not dispute the first point [, i.e., that the Board failed to provide an adequate statement of reasons or bases in connection with the shoulder claim], and both parties are seeking a remand of the shoulder claim.” Reply Br. at 1. The Court, on December 21, 2000, issued a single-judge order that acknowledged that “[t]he parties agree that the shoulder claim should be remanded”, but then ordered the Secretary to show cause “why the Board decision should not be vacated in its entirety and the matters remanded” for “the Board to determine, in the first instance, whether the [Veterans Claims Assistance Act of 2000, Pub.L. No. 106^475, 114 Stat.2096 (Nov. 9, 2000) (VCAA),] is applicable to this claim.” Briddell v. Gober, U.S. Vet.App. No. 99-1198, slip op. at 1-2 (Dec. 21, 2000).
In a January 22, 2001, response, the Secretary “move[d] the Court to vacate and remand the BVA decision of March 18, 1999[,] to the Board for readjudication in accordance with the provisions of the VCAA.” Secretary’s Jan. 22, 2001, Response (Resp.) at 4. The Secretary also acknowledged that “[c]ounsel for appellant does agree that remand is necessary in this case.” Ibid. In the February 21, 2001, single-judge order, the Court granted “the Secretary’s unopposed motion to vacate” the Board decision, and vacated the Board decision and remanded the matters. Remand Order at *1. The full text of the remand order is as follows:
Before the Court is the March 18, 1999, decision of the Board of Veterans’ Appeals (Board) that denied entitlement to increased ratings for post-operative residuals of a left shoulder injury (shoulder claim) and chronic low back pain (back claim), and to initial compensable ratings for chondromalacia of the right and left patellas (knee claims). For the reasons that follow, the Court will vacate the Board decision and remand the matter for readjudication.
The appellant filed a brief on March 27, 2000, stating that the parties had agreed to a remand of the shoulder claim and arguing for a remand of the back and knee claims. On September 28, 2000, the Secretary filed a motion in lieu of a brief urging the Court to remand the shoulder claim but to affirm the Board’s decision in all other respects. On December 21, 2000, the Court ordered the Secretary to show cause why, in light of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106^75, 114 Stat.2096 (Nov. 9, 2000), the Board decision should not be vacated in its entirety and the matters remanded for readjudication. In response, on January 22, 2001, citing the VCAA, the Secretary Med an unopposed motion to vacate the Board decision and remand all claims.
On consideration of the foregoing, it is ORDERED that the Secretary’s unopposed motion to vacate is granted. It is further
ORDERED that the March 18, 1999, decision of the Board is VACATED and the matter is REMANDED for readju-dication.
Id. at 1-2 (emphasis added).
In the appellant’s EAJA application, he argues that he is a prevailing party on the basis of having secured a remand, and alleges that the position of the Secretary was not substantially justified. Application (Appl.) at 2-4. In the Secretary’s *270 July 16, 2001, response to the appellant’s application, the Secretary argues that the appellant is not a prevailing party, and that the position of the Secretary was substantially justified at both the administrative and litigation stages. Secretary’s EAJA Resp. at 3-4. As to the initial concession of a remand of the shoulder claim, the Secretary states: “The Court is not bound by the parties’ agreement that a partial remand was necessary, and could have concluded that remand was not appropriate despite the parties’ urging.” Id. at 14. In his October 19, 2001, reply, the appellant reiterates his contentions that he is a prevailing party and that the position of the Secretary at the administrative level was not substantially justified. Appellant’s EAJA Reply at 1. Specifically, he contends that he is a prevailing party under the “inevitable victory” theory, and notes: “In this regard, [the ajppellant points to the Secretary’s admission in his brief that the Board decision herein was erroneous with respect to one claim and that the decision with respect to that claim should be vacated and remanded.” Id. at 2-3.
In the Court’s December 2001 order denying the EAJA application, the Court concluded: “The remand ordered in this matter was predicated upon the change in law brought about by the enactment of the VCAA and not upon any finding by the Court of administrative error.” Initial EAJA Order at *1. The Court concluded that, pursuant to Sumner v. Principi, 15 Vet.App. 256, 264 (2001) (en banc), and Vaughn v. Principi, 15 Vet.App. 277, 280 (2001) (per curiam order), such a remand could not confer prevailing-party status. Ibid.
The appellant then timely filed a motion for a panel decision. Therein, the appellant asserts that he is a prevailing party pursuant to Sumner, supra, because of the acknowledgment of error in the Secretary’s September 2000 motion. Mot. for Panel Decision at 2. On February 4, 2002, a panel of the Court issued an order instructing the Secretary to respond to the appellant’s motion for a panel decision and allowing the appellant to file a reply to the Secretary’s response. Briddell v. Principi, 15 Vet.App. 413, 413 (2002) (per curiam order). A concurring statement invited the parties to address the implications, if any, of Jacobsen v. West, 12 Vet.App. 546, 546-48 (1999), for the prevailing-party analysis. Ibid. (Steinberg, J., concurring).
In a March 27, 2002, response, the Secretary argues that the remand order in this case was “based on the VCAA alone” and, therefore, under Sumner, the appellant was not a prevailing party. March 2002 Resp. at 4. As to Jacobsen, the Secretary states that that case “has no direct bearing on the case at bar” because the issue in contention in Jacobsen was substantial justification, whereas the principal issue in contention in the instant case is prevailing-party status. Id. at 5. Finally, the Secretary notes: “Applying the Jacob-sen rationale to a determination of prevailing-party status would lead to an impermissible result. Basing prevailing-party status on any prior admission by the Secretary is essentially granting prevailing-party status using the now-defunct inevitable-victory test.” Id. at 6. In a May 13, 2002, reply, the appellant again argues that prevailing-party status can be achieved under Sumner when there is a remand and the Secretary has acknowledged error even though the Court did not act on that acknowledgment, as was the case here. May 2002 Reply at 1-2. He argues further that Jacobsen supports his position in this case: “[Ajbsent the need for a remand for application of the VCAA, the appellant would have been entitled to a remand predicated upon the Board’s error as conceded by the Secretary’s brief. The *271 Secretary conceded error. That concession alone should be sufficient to confer prevailing[-]party status on [the] appellant.” Id. at 4. The Court has voted unanimously to grant the motion for a panel decision and will withdraw the December 17, 2000, single-judge order and issue this opinion in its stead.
II. Analysis

A. Jurisdiction

The appellant’s June 12, 2001, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). In order to satisfy any EAJA jurisdictional content requirements that apply, an application must contain the following: (1) A showing that, by virtue of the Court’s remand, he is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. See 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); Cullens v. Gober, 14 Vet.App. 234, 237 (2001) (en banc). The appellant’s EAJA application was timely filed and satisfies any EAJA jurisdictional content requirements. See ibid.

B. Prevailing Party

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. See 28 U.S.C. § 2412(d)(1)(A) (“court shall award to a prevailing party ... fees and other expenses”); Sumner, 15 Vet.App. at 260-61. The applicant has the burden of demonstrating prevailing-party status under the EAJA. Id. at 261. In the Sumner case, this Court held, in a unanimous en banc opinion, that in order to attain EAJA prevailing-party status, there must be either a direction by the Court for VA to award VA benefits or a remand by this Court that is “predicated upon administrative error”. Id. at 265 (emphasis added). Sumner concluded that a remand is predicated on administrative error if “in his motion ... [,] the Secretary acknowledge^] error” or if, “in remanding the matter”, the Court “recognize[s] administrative error”. Ibid. Sumner went on to hold that prevailing-party status had not been achieved there because there was no merits disposition (let alone a direction to award benefits) and the remand ordered was not predicated on administrative error because, as explained in Cycholl v. Principi, “neither one of the criteria for finding such a remand were met — that is, ‘nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter the Court did not recognize administrative error.’ ” Cycholl, 15 Vet.App. 355, 357 (2001) (quoting Sumner, 15 Vet.App. at 264). In Vaughn, a case dealing with legislation (the VCAA) enacted subsequent to the Board decision there under review, the Court found that the appellant was not a prevailing party due to a remand based solely on the newly enacted legislation. Vaughn, 15 Vet.App. at 279-80. The Court further stated there: “Given that the sole basis for the remand was the enactment of the VCAA and that the Board’s disposition of this case had occurred before the enactment of the VCAA, there could not have been any Board error with respect to the VCAA.” Id. at 279 (latter emphasis added).
1. Prevailing-Party under Sumner. Applying the criteria set forth in Sumner to determine the question of prevailing-party status, there has been no direction to award benefits here, so the inquiry is whether there was a remand “predicated upon administrative error”. A remand may be predicated upon administrative error if (1) the Court recognizes administrative error in remanding the *272 case, or (2) if, in the words of Sumner, “in his motion ... [,] the Secretary acknowledge[s] error”. Ibid. A review of the remand order in this case reveals that the Court clearly did not recognize any error. Therefore, in order for the appellant to be a prevailing party under Sumner, the Secretary must have acknowledged error “in his motion”.
Because there were two Secretarial motions for remand here, the Court must determine what is meant by “in his motion”. The language of Sumner in this regard is: “The appellant’s claim was remanded as requested in the Secretary’s unopposed motion for remand. Because nowhere in his motion did the Secretary acknowledge error, ... the remand was not predicated upon administrative error.” Ibid. In Sumner, there was only one motion for remand. Id. at 257. It would be incongruous to believe that the Court was referring to any motion there other than the motion that the Court granted and that thus directly prompted the remand.
There is not the slightest hint in Sumner or in any other opinion of this Court that prevailing-party status should be determined based on something other than what the Court actually did on the merits, or, certainly, that it should be determined based on something that it decided not to do. Indeed, why else would the Court in Sumner have established the test as “a court remand predicated upon administrative error”? Id. at 264. The word “predicated” requires a connection, or a nexus, to use a familiar term in our veterans law lexicon, between “remand” and “error”. As Webster’s New World Dictionary puts it, “to predicate” means “to affirm or base (something) on or upon given facts, arguments, conditions, etc.” WebsteR’s New WoRld DiCtionary 1062 (3d Coll, ed.1988). The Court in Sumner looked beyond its own words — the words it used in its disposition of the merits — only to account for the situation, which is a very common one in this Court, where the Court grants, without further comment, a joint, an uncontested, or even a contested motion and must look to the words of the motion in order to determine the nature and scope of the Court’s action.
In contrast to the foregoing logical and contextual reading of Sumner, the appellant’s reading, which is accepted by the dissenting opinion, would tear from their context the words referring to the Secretary’s acknowledgment of “administrative error”. Interpreting words in a judicial opinion in this respect is very much like interpreting words in a statutory provision. For the latter purpose, it is a major precept that “each part or section should be construed in connection with every other part or section so as to produce a harmonious whole[; tjhus, it is not proper to confine interpretation to the one section to be construed.” Norman J. Singer, Sutherland on Statutory Construction § 46:05 (6th ed.2000); see Talley v. Derwinski, 2 Vet.App. 282, 286 (1992) (quoting, in part, Singer, supra). The reading adopted by the appellant and the dissent, although perhaps somewhat literal in a myopic way, is both illogical and unprecedented and confounds common sense. Moreover, to the extent that the argument could be made that the Court could, in the instant EAJA deliberation, make a finding on the joint position taken by the parties at the merits stage but not then adopted by the Court, and thus create an ex post facto “judicial imprimatur” for purposes of the EA.JA, such an argument clearly runs afoul of the landmark U.S. Supreme Court case of Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which was the basis for our Sumner opinion. The Supreme Court in Buckhannon *273 required a judicial imprimatur “on the change” in the legal relationship of the parties. Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835. A finding now that the Secretary’s September 2000 motion should have been granted does not alter the legal relationship of the parties, because “the change” contemplated by Buckhannon, supra, would have had to occur at the time of the underlying Court action (in this case, the remand order) that is the basis for the fee application that was filed. The dissenting opinion completely ignores this Buckhannon “judicial imprimatur” requirement, Buckhannon, supra; see post at 277 (stating requirements of prevailing-party determination in this case to be that Secretary had “acknowledged error” and had “agreed to a remand of the appellant’s shoulder claim” but failing to mention or discuss in this context judicial-imprimatur requirement). It would furthermore be, to say the least, a highly anomalous result for the Court to defer consideration of these issues on the merits, but then take them on at the EAJA stage, when such a Court decision could well end up being made so late in the process that the Board had already made its decision on remand. See Mahl v. Principi, 15 Vet.App. 37, 43 (2001) (Steinberg, J., dissenting) (“[otherwise, we would be confronted with the anomaly that the Board might not be bound in readjudi-cating the case by decisions made as to the merits of the BVA’s prior decision (but not as part of the Court’s review of the BVA decision) long after the case has been remanded to the Board by the Court and perhaps even after some adjudication on remand had already taken place”); see also Flemming v. Principi, 16 Vet.App. 52, 55 (2002) (Steinberg, J., concurring in part and dissenting in part); Cullens, 14 Vet.App. at 249 (Kramer, C.J., concurring).
In light of our conclusion that there must be an explicit connection between the asserted administrative error and the Court’s remand, the appellant could be said to be a prevailing party under Sumner only if the Court’s February 2001 remand order can fairly be read as having granted, in whole or in part, the Secretary’s September 2000 motion confessing error as to the shoulder claim. However, a reading of that remand order illustrates that the Court was granting only one remand motion: The Secretary’s January 22, 2001, VCAA-remand motion. In the first “ORDERED” paragraph, that order stated that “the Secretary’s unopposed motion to vacate is granted.” If there is any ambiguity about what “unopposed motion” meant, it is quickly resolved by examining the way the order described the two motions here at issue. Ibid. The Secretary’s September 2000 motion is described, inter alia, as “a motion in lieu of a brief urging the Court to remand the shoulder claim”. The VCAA-remand motion, on the other hand, is described as “an unopposed motion to vacate the Board decision and remand all claims”. Both the subject of the first “ORDERED” paragraph and the VCAA-remand motion are described as being an “unopposed motion” of the Secretary. Although a portion of the September 2000 motion was unopposed, only the VCAA-remand motion is referred to in the remand order as an “unopposed” motion. In order to find that the Secretary’s September 2000 motion was actually granted by the remand order, we would have to find either that (1) despite the similarity in terminology between the VCAA-remand motion and the “ORDERED” paragraph, that paragraph actually referred to the September 2000 motion (because this putative view would state that that motion was the motion that was granted, and because the order grants the Secretary’s motion in full, any such reading of the February 2001 order would create a conflict between *274 that motion’s request for partial affir-mance of the Board decision and the wholesale vacatur of the Board decision ordered by the Court); or that (2) despite the use of the singular noun “motion” in the “ORDERED” paragraph and despite the lack of detail given in describing the “motion” granted, the order actually was granting both the VCAA-remand motion and one portion of the September 2000 motion. Either reading would entail stretching the actual language of the remand order well beyond any reasonable or logical reading, and the Court is unwilling to engage in such an approach.
For the above reasons, therefore, the Court cannot accept the appellant’s argument, as adopted by our dissenting colleague, based on fractured language extracted from the context of the Court’s opinion in Sumner, that the appellant is a prevailing party.
2. Extension of Jacobsen. The appellant also argues that the holding of Jacobsen, supra — that, absent a remand for readjudication pursuant to newly issued caselaw, “the appellant would have been entitled to a remand predicated on the Board’s error as conceded by the Secretary’s brief’, and that, therefore, substantial justification for the Secretary’s position on the conceded error would be examined — should be extended to the determination of prevailing-party status in this case. Specifically, the appellant quotes in part the following passage from Jacobsen:
Accordingly, it is apparent that, absent the necessity for a remand for application of Hodge [v. West, 155 F.3d 1356, 1362 (Fed.Cir.1998) (holding invalid, as beyond requirements of 38 C.F.R. § 3.156(a) (1998), test enunciated in Colvin v. Derwinski, 1 Vet.App. 171, 174 (1991), for determining materiality of newly presented evidence) ], the appellant would have been entitled to a remand predicated on the Board’s error as conceded by the Secretary’s brief. Thus, the Court concludes that, under the unique circumstances here presented, as to two of the claims the Secretary was not substantially justified, and the appellant is entitled to an award of EAJA fees. See Jackson v. West, [12 Vet.App. 422, 429 (1999) ]; Elcyzyn v. Brown, 7 Vet.App. 170, 175 (1994) (“only one determination of lack of substantial justification with respect to the entire matter need be made”).
Jacobsen, 12 Vet.App. at 548. In Jacob-sen, a concurring opinion stated:
Today, the Court creates a narrow exception to this general rule that the Court will not look beyond what the Board was required to do under the terms of the remand ordered by the Court, but only where, as here, the Secretary has explicitly conceded and requested a remand for an error not referenced in a joint motion or in the Court’s order.
Ibid. (Kramer, J., concurring); see also Jacobsen v. West, 13 Vet.App. 35, 36-40 (1999) (en banc per curiam order) (Stein-berg, J., dissenting) (arguing that Jacob-sen, by looking beyond actual remand order to speculate on potential outcome of case absent intervening change, violated prior Court precedent).
We find convincing the Secretary’s argument that extension of Jacobsen to a prevailing-party determination would be to adopt an “inevitable victory” analysis, which the Court has already rejected in Vaughn, 15 Vet.App. at 280. March 2002 Resp. at 6. In Vaughn, this Court stated as follows concerning the inevitable-victory test:
Finally, the appellant argues that she has obtained prevailing-party status under the inevitable-victory test. The in *275 evitable-victory test has been raised to the Court, but we have never accepted it. See, e.g., Lematta v. Brown, 8 Vet.App. 504, 510 (1996) (citing Perket v. Sec[']y of Health & Human Services, 905 F.2d 129, 132 (6th Cir.1990), and holding that test inapplicable where there had been no superseding legislation); Chandler v. Gober, 11 Vet.App. 6, 8 (1997) (holding that test was not applicable where “victory has neither been attained nor assured”), overruled in part by Miley v. Principi, 242 F.3d 1050, 1054 (Fed.Cir.2001). Where a court has remanded a case at the merits stage based solely on a statutory change, the inevitable-victory test would allow for prevailing-party status where the appellant later, at the EAJA stage, could prove that he would have prevailed at the merits stage absent that statutory change. See Perket, 905 F.2d at 133; see also Milton v. Shalala, 17 F.3d 812, 815 (5th Cir.1994); Guglietti v. Sed[']y of Health & Human Services, 900 F.2d 397, 402 (1st Cir.1990). However, under Buckhannon, [532 U.S. at 604-05, 121 S.Ct. 1835], and Sumner, [15] Vet.App. at [264-65], that test can no longer be viable because it lacks the critical requirement that a remand at the merits stage be predicated on administrative error. Accordingly, we hold that the inevitable-victory test, just as the catalyst test, is not a permissible basis for establishing prevailing-party status under the EAJA. See Buckhannon, [supra,] Sumner, [supra,] and Thayer [v. Principi, 15 Vet.App. 204, 211 (2001) ].

Vaughn, supra.

Under the inevitable-victory test, some courts, before Buckhannon, supra, had recognized that an appellant could establish prevailing-party status by showing that he would have prevailed absent an intervening event such as the enactment of a statute (for example, the VCAA). The extension of the Jacobsen substantial-justification approach into the prevailing-party-status context would permit an appellant to establish that he was a prevailing party where he could show that, absent the necessity for a remand for application of an intervening change in caselaw (in Jacob-sen, the opinion of the U.S. Court of Appeals for the Federal Circuit in Hodge, supra), the appellant would have been entitled to a remand predicated on the Board’s error as conceded by the Secretary’s pleading. The only difference between the two standards would be that, under the Jacobsen approach, there would be a requirement that the Board error be conceded, at some point, by the Secretary. However, such a concession would affect only the degree of persuasiveness with which the appellant could assert that he would have prevailed; it doesn’t alter the fact that both theories rely on a “but for” test, i.e., “but for the remand on other grounds, I would have prevailed”. In that sense, the two theories are virtually the same, and, accordingly, transferring a Jacobsen-type approach into the context of determining prevailing-party status would run afoul of Vaughn’s rejection of the inevitable-victory test and, of course, of the necessity for a remand “predicated” on— that is, expressly linked to or associated with — administrative error, as described in Sumner and Vaughn, both supra, and as set forth in part II.B.1., above. Therefore, the Court also rejects the appellant’s invitation to extend the Jacobsen rationale to prevailing-party inquiries.
For all the above reasons, the appellant has failed to demonstrate that he is a prevailing party. See Sumner, 15 Vet.App. at 261. Because the appellant is not a prevailing party, no further inquiry is necessary. See id. at 261, 265 (examining only prevailing-party issue and, after find *276 ing no prevailing-party status, denying EAJA application).
III. Conclusion
Upon consideration of the foregoing analysis, the appellant’s December 20, 2001, motion for a panel decision is granted. The Court’s December 17, 2001, single-judge order is withdrawn, and this opinion is issued in its stead. The appellant’s EAJA application is denied.
APPLICATION DENIED.